**Dolores ROMINE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CNF, INC./the POTATO SACK), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 2001.

Decided May 23, 2002.

David B. Rodes, Pittsburgh, for petitioner.

Charles G. Brown, Pittsburgh, for respondent.

BEFORE: DOYLE, Senior Judge,[1] and KELLEY, Senior Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Senior Judge DOYLE.

Dolores Romine petitions for review of an order of the Workers' Compensation Appeal Board (Board), which reversed and remanded the case to a Workers' Compensation Judge (WCJ). The order of the WCJ had denied a review petition filed by the employer, CNF, Inc./The Potato Sack (CNF). Unfortunately, we find that we must quash Romine's appeal to this Court

---

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle and Judge Kelley assumed the status of senior judge on January 1, 2002.

because the Board's order is interlocutory and, as such, is unappealable.

The relevant facts of this case are as follows: Romine sustained a wrist injury on December 22, 1995, while working as an employee of CNF, and she filed a claim petition with the Bureau of Workers' Compensation (Bureau) on January 23, 1996. By order circulated February 25, 1998, a WCJ found that Romine sustained a work-related ligament tear of the left wrist and awarded benefits at the rate of $195.89 per week. CNF appealed the WCJ's decision and the Board affirmed. CNF filed a motion for rehearing with the Board, which was denied on December 30, 1999.

Earlier, on December 9, 1997, Romine had filed a complaint in the Court of Common Pleas of Allegheny County against RPS, Inc. (RPS) for the recovery of personal injury damages resulting from her wrist injury on December 22, 1995, because an employee of RPS had moved the boxes that fell on Romine's left wrist. The complaint alleged that the employee of RPS was responsible for her injuries. CNF's workers' compensation insurance carrier, Legion Insurance Company (Legion), and its counsel were notified of a pretrial conference, which was to take place on October 14, 1999, before the Common Pleas Court, in light of Legion's $60,000 subrogation lien[2] for workers' compensation benefits paid to Romine.

Despite receiving notice of the pretrial conference, Legion declined to attend. At the pretrial conference, the trial judge issued an order scheduling a second pretrial conference to take place on October 27, 1999, to determine the application of Legion's subrogation lien to the proceeds of any settlement between Romine and RPS. Prior to the second pretrial conference, Romine agreed with RPS to settle the portion of Romine's claim that was *not* subject to Legion's lien. On October 20, 1999, Romine filed and served on Legion a Motion for Approval of Settlement and to Substitute a Party, seeking to substitute Legion as the plaintiff, pursuant to Pennsylvania Rule of Civil Procedure No. 2004,[3] and to have the settlement with RPS approved. The motion indicated that the parties would settle Romine's claim for $80,000 contingent upon receiving that amount free and clear of Legion's lien.

Despite receiving proper notice of the October 27, 1999, pretrial conference, Legion again failed to appear. On that date, the Common Pleas Court issued the following order:

AND NOW, this 27th day of October, 1999 it is hereby ORDERED, ADJUDGED and DECREED that Legion Insurance Company is substituted as plaintiff and that gross settlement in the amount of $80,000.00 represents payment of all claims other than those to

---

**2.** Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671, provides as follows: "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article by the employer...."

**3.** Pa. R.C.P. No.2004 of the Pennsylvania Rules of Civil Procedure provides the following:

**Transfer of Interest in Pending Action—** If a plaintiff has commenced an action in his or her own name and thereafter transfers the interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

which Legion Insurance is subrogated and that plaintiff, Dolores Romine, may retain it free and clear of ... [Legion's] subrogation lien; **further, as a sanction for failing to appear for this court appearance today, and after notice, Legion Insurance is precluded from recovery against defendant and/or Dolores Romine.**

(Certified Record, C.R., Romine's Exhibit 17 at "J").

On November 3, 1999, Romine signed a Full and Final General Release with RPS, and RPS paid Romine $80,000 in return. The release states that it "does not extinguish any right which Dolores Romine's employer, The Potato Sack Restaurant, CNF, Incorporated, or its workers' compensation carrier may have to pursue its claim for subrogation against RPS...." (C.R., Romine's Exhibit 17 at "L").

Pursuant to correspondence between RPS and Legion, RPS and Legion agreed to settle Legion's subrogation lien for $36,689.78, an amount that was 60 percent of Legion's lien, contingent upon Romine's agreement not to seek attorney's fees from Legion. Legion also filed a Motion to Vacate the Common Pleas Court's October 14, 1999 and October 27, 1999 orders. By memorandum order, dated November 8, 1999, the Common Pleas Court denied Legion's motion to vacate the earlier orders, stating that Legion had already availed itself of the benefits of the October 27, 1999, order by settling with RPS and by

having Romine's counsel waive attorney's fees. Legion appealed to the Superior Court. In a decision without a published opinion dated February 20, 2001, the Superior Court affirmed the order of the Court of Common Pleas; the Superior Court later denied reargument on May 3, 2001. Legion filed a petition for allowance of appeal with the Supreme Court. In a *per curiam* decision at *Romine v. RPS, Inc.*, 567 Pa. 512, 788 A.2d 370 (2002), the Supreme Court on January 31, 2002, not only granted Legion's appeal petition but reversed the Superior Court's decision and remanded the case for reconsideration in light of its decision in *Thompson v. Workers' Compensation Appeal Board (USF & G Co.)*, 566 Pa. 420, 781 A.2d 1146 (2001) (*Thompson II*),[4] filed on October 17, 2001.

In the meantime, while Legion pursued its appeal before the Superior Court, it also filed a petition for review with the Bureau of Workers' Compensation on November 16, 1999, alleging that, pursuant to the third-party settlement, Legion received a payment towards its subrogation lien on the medical and indemnity payments that it had made, but that the issue of future credit of workers' compensation benefits had not been resolved. As such, it requested that the Bureau review the third-party settlement for the purpose of calculating Legion's entitlement to subrogation funds in the future. A WCJ denied the review petition by order dated April 25, 2000, determining that, pursuant to *Thompson v. Workers' Compensation Ap-*

---

**4.** Although it disapproved of *ad hoc* equitable exceptions to the statutory right of subrogation, the Supreme Court in *Thompson II*, while recognizing that subrogation may not be appropriate where there is a showing of deliberate, bad faith conduct on the part of the employer, determined that, since there was no showing that the employer in that case acted in bad faith, the employer's right to subrogation was absolute. The Supreme Court also remanded that case to this Court to

address the issue of whether the third-party settlement in that case, designating that the settlement funds be paid as compensation for pain and suffering and loss of consortium rather than for medical bills and/or lost wages, improperly defeated the employer's subrogation interest. Pursuant to the Supreme Court's decision in *Thompson II*, this Court heard oral argument on remand on May 7, 2002.

*peal Board (USF & G Co.)*, 730 A.2d 536 (Pa.Cmwlth.1999) (*Thompson I*) (later vacated and remanded by *Thompson II*), the Common Pleas Court had the authority to settle all matters before it, including the issue of whether or not a workers' compensation insurance carrier may effectively waive its subrogation claim against a third party tortfeasor. Legion appealed to the Board and, on March 13, 2001, the Board ultimately issued an order reversing the decision of the WCJ and remanding the case. The Board determined that, although the Court of Common Pleas had the authority to approve a settlement entered into by the parties to the third-party action, it did not have the authority to determine Legion's rights pursuant to the Act and, consequently, it lacked jurisdiction to eliminate or modify Legion's subrogation rights.[5] It is from the Board's decision that Romine brings the instant appeal.

On appeal to this Court, Romine raises several issues.[6] First, she argues that, by filing its petition for review with the Bureau, Legion sought to collaterally attack the determination of the Common Pleas Court that it had the authority to deny Legion the ability to enforce its subrogation lien by issuing a sanction to Legion for failing to appear at a hearing. Accordingly, Romine asserts that Legion's review petition is barred by the doctrine of *res judicata*. Second, she argues that the Court of Common Pleas had the authority to issue a sanction to impair Legion's lien and that Legion's right to subrogation is not absolute under these circumstances. Third, Romine argues that the Court of Common Pleas had the authority to settle her claim. Finally, Romine argues that recovery for pain and suffering is not subject to a workers' compensation carrier's subrogation lien in a personal injury action and that a contrary holding would render the Act unconstitutional. Before reaching these issues, however, we must first decide whether the Board's March 13, 2001, remand order is appealable.[7]

Under Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a), this Court's appellate jurisdiction over decisions by Commonwealth agencies is limited to final orders. Pennsylvania Rule of Appellate Procedure 341(b), which defines a final order, provides as follows:

> **Definition of Final Order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) any order that is expressly defined as a final order by statute; or
>
> (3) any order entered as a final order pursuant to subdivision (c) of this rule [permitting entry of a final order as to less than all of the claims or parties upon the express determination by a court or governmental unit that an immediate appeal would facilitate resolution of the entire case].

Pa. R.A.P. 341(b). Here, Romine's case has not yet been resolved within the workers' compensation system. The order of

---

5. Again, the Board issued its decision on March 13, 2001, prior to the Supreme Court's decision in *Thompson II*, which was filed on October 17, 2001.

6. The issues set forth by Romine in her brief and in her argument before this Court on October 11, 2001, were raised prior to the Supreme Court's decision in *Romine* dated January 31, 2002.

7. After the parties filed briefs with this Court, and prior to oral argument, we issued an Order filed on August 7, 2001, indicating that the parties should be prepared to argue the issue of the appealability and finality of the Board's order of March 13, 2001. Despite this order, the parties failed to address this issue at the time of oral argument on October 11, 2001.

the Board reversed the WCJ's decision and remanded the case to the WCJ; accordingly, the order of the Board did not dispose of all of the claims. Moreover, the order of the Board is not expressly defined as final by statute. As such, the Board's order is interlocutory and is not final within the meaning of Pa. R.A.P. 341.

We have held that a remand order of the Board is interlocutory and unappealable as a matter of right. *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Cmwlth. 214, 414 A.2d 161 (1980). In *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz),* 116 Pa.Cmwlth. 527, 542 A.2d 616 (1988), we reasserted and reaffirmed our decision in *Murhon.* Our reasoning in *FMC Corp.* guides the decision before us today:

> Our reasoning in *Murhon* remains viable now. Appellate courts ought not to be called upon to decide a case until every issue involved has been finally resolved in the proceedings before the trial court or administrative agency. Only then will our decision put to rest the

opposing claims of the litigants. By holding fast to the *Murhon* rule, we remove all doubt for trial courts, administrative agencies and counsel for litigants as to our position with respect to the appealability of interlocutory orders. At the same time, we would be in complete compliance with Pa.R.A.P. 702(a) which authorizes appellate review of *"final* orders[.]"

542 A.2d at 617. *See LeDonne v. Workmen's Compensation Appeal Board (Graciano Corp.),* 686 A.2d 891 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied,* 548 Pa. 639, 694 A.2d 624 (1997); *Berks County Intermediate Unit v. Workmen's Compensation Appeal Board (Rucker),* 158 Pa.Cmwlth.305, 631 A.2d 801 (1993), *petition for allowance of appeal denied,* 537 Pa. 614, 641 A.2d 313 (1994).[8]

Accordingly, since the order before us is interlocutory, not appealable as of right, and Romine did not ask this Court for permission to file an interlocutory appeal,[9] we must quash Romine's petition for review.[10]

---

**8.** We note, however, that, pursuant to Pa. R.A.P. 311(f), an interlocutory appeal of a remand order from an administrative agency may be taken as a matter of right where the appeal is taken from "an order of a ... government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa. R.A.P. 311(f)(1). Nevertheless, this rule does not apply here, because an employer's right to subrogation is a question of law based upon findings of fact, *Helms Express v. Workmen's Compensation Appeal Board (Lemonds),* 106 Pa.Cmwlth.287, 525 A.2d 1269 (1987), and, as such, a decision on the merits in this matter would require the exercise of the WCJ's administrative discretion. *See P.R. Hoffman Materials v. Workmen's Compensation Appeal Board (Zeigler),* 694 A.2d 358 (Pa.Cmwlth. 1997). Nor has it been established that this matter fits within the other exception found in Pa. R.A.P. 311(f), where a matter is remanded

to "an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed." Pa. R.A.P. 311(f)(2). It is possible that the issues currently raised by Romine could again be raised to this Court during any appeal process that might follow the WCJ's decision on remand.

**9.** *See* Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), and Pa. R.A.P. 1311 (allowing an interlocutory appeal by permission if certain requirements are met).

**10.** Although we are constrained to quash Romine's appeal, we agree with the Board's reasoning, which is in line with our Supreme Court's holding in *Thompson II.* In a well written opinion, Commissioner Harold V. Fergus, Jr., explained the Board's reversal of the WCJ's denial of Legion's subrogation right. The Board stated as follows:

> [T]he issue before us is not an attempt by a WCJ or this Board to reexamine a third

*ORDER*

NOW, this 23rd day of May, 2002, the petition for review filed by Dolores Romine in the above-captioned matter is hereby QUASHED.

party settlements [sic] for purposes of determining the employer's subrogation interest. Instead, the issue is whether the Court of Common Pleas has jurisdiction to determine that a Defendant Carrier has no subrogation right to a settlement or that it waived said right by its mere mistake of forgetting to attend a settlement conference of which its counsel had been previously notified. We agree with Defendant's contentions that the WCJ erred as a matter of law in finding that [the trial judge] had jurisdiction to deny it rights it had under the Act as to the subrogation at issue. Section 319 of the Act provides that where an injury is caused in whole or in part by a third party, "the employer shall be subrogated to the right of the employe, his personal representative, his sate [sic] or his dependents against such third party." Clearly [the trial judge], while he may have had authority to approve a settlement entered into by all the parties to the third party action other than [Legion], did not have the authority to determine whether [Legion] had or did not have certain rights under the Act. The Act clearly sets forth a procedure for the adjudication of claims under the Act that does not involve any jurisdiction of any Court of Common Pleas. Instead, claims are to be adjudicated by an administrative law judge and any appeals from decisions of such judges are to be made to this Board. Under the Act, appeals of this Board's Decision may only first be brought before the Commonwealth Court. As such, the Court of Common Pleas has no jurisdiction to adjudicate matters under the Act, including the issues of the application of any subrogation liens. While the WCJ may not have authority to examine allocations of third-party settlements, at least as to a wife's consortium claim, likewise a Court of Common Pleas

has no jurisdiction to determine whether [an insurer] has any subrogation interest arising under the Act. A WCJ is vested with the authority to determine questions of subrogation, the Court of Common Pleas is not. (Board Op., March 13, 2001, at 5–6). The Board also confirmed that the employer's right of subrogation is absolute, pursuant to Section 319 of the Act. In this regard, the Board held the following:

Our Supreme Court has stated that an employer's right of subrogation under Section 319 is absolute. [*Winfree*] *v. Philadelphia Electric Co.*, [520 Pa. 392, 554 A.2d 485 (1989)]. Section 319 is clearly a legislated right that falls outside a mere equitable remedy. The case before us does not deal with the issue of spoliation, where equitable principles may overrule a legislated right, but whether the Court of Common Pleas has authority, contrary to the express delegation of jurisdiction by our Legislature to the WCJ, to eliminate an employer's right of subrogation to force a settlement on all the parties, including the carrier. **We find that [the trial judge] clearly did not have any jurisdiction under the Act to eliminate or modify certain rights [Legion] may have had under the Act as to the subrogation issue.** While the Court may determine the exact nature of the claims that are involved in a third-party settlement, and by such determination effectively preclude any subrogation lien by determining that such payments do not involve claims that normally arise under the Act, the Court may not directly determine, without the consent of the parties, that an employer or its carrier does not have any subrogation lien that arise [sic] under the Act. Such a determination is the sole jurisdiction of the WCJ under the Act.

(Board Op., March 13, 2001, at 7) (emphasis added).