**UNITED PARCEL SERVICE and Liberty Mutual Insurance Company, Appellants**

v.

**Mark HOHIDER, Appellee.**

Superior Court of Pennsylvania.

Submitted March 10, 2008.
Filed July 7, 2008.
Reargument Denied Sept. 3, 2008.

---

4. *See* N.T., Sentencing, 5/22/02; N.T. Sentencing, 11/05/04.

5. *See* N.T. Sentencing, 05/22/02, at 4–5; 11/05/04, at 4.

**14**

Jeffrey T. Strittmatter, Pittsburgh, for appellants.

Vincent J. Quatrini, Greensburg, for appellee.

BEFORE: KLEIN, BENDER and POPOVICH, JJ.

OPINION BY BENDER, J.:

¶ 1 United Parcel Service and Liberty Mutual Insurance Company (collectively "Employer") appeal from the order dated and entered on July 27, 2007, that granted Mark Hohider's ("Claimant") motion to strike the judgment entered against Claimant on the common pleas docket by Employer. The order that formed the basis for the judgment was issued by a Workers' Compensation Judge (WCJ) directing Claimant to pay Employer $67,223.23 in satisfaction of Employer's subrogation lien on a portion of the amount received by Claimant in a third-party action. For the reasons that follow, we reverse.

¶ 2 This matter arose in the context of a workers' compensation action initially filed by Claimant following his injury on August 4, 1999, that occurred in the course and scope of his employment with Employer. Claimant received workers' compensation benefits and also filed a third party suit for damages that arose from the same injury. The pertinent facts involved in this case were set forth in a decision by the WCJ:

### FINDINGS OF FACT

1. Employer, United Parcel Services, filed a modification/suspension petition on July 12, 2004, averring claimant had received constructive possession of a subrogated third party settlement proceeding arising from his August 4, 1999 work related injury.

2. The parties have stipulated that the employer is entitled to a subrogation interest of $67,223.23 from the $95,000.00 claimant recovered from State Farm Insurance. Claimant accepted receipt of the entire third party settlement after employer filed a petition to enforce its lien.

3. The outstanding temporary total disability benefits and medical benefits paid by employer as of January 9, 2006, totaled $243,390.00, an amount in excess of the employer's subrogated interest.

4. Employer is requesting an order directing claimant disgorge the lien amount of $67,223.23 that claimant accepted from State Farm Insurance Company after the employer filed the July 12, 2004 modification/suspension petition seeking enforcement of its lien.

5. Employer is entitled to an order directing claimant to disgorge the proceeds of his third party recovery as claimant undertook receipt of the settlement without providing notice of is [sic] intention to take possession of the third party proceeds to employer or its third party administrator.

6. The parties have stipulated that $67,223.23 is fully recoverable to employer as a result of the third party recovery as provided by Section 319 of the Workers' Compensation Act [, 77 P.S. § 671].

### CONCLUSIONS OF LAW

1. Employer has a subrogation interest of $67,223.23 from the third party settlement of $95,000.00 claimant accepted from State Farm Insurance.

### ORDER

AND NOW, this 19th day of December, 2006, claimant is directed to disgorge to employer $67,223.23 in satisfaction of employer's subrogation lien which exists as a result of the third party recovery of $95,000.00 claimant accepted directly from State Farm Insurance.

WCJ's Order, 12/19/06. Since neither party filed an appeal to the Workers' Compensation Appeal Board, the WCJ's order became a final order.

¶ 3 Then, due to Claimant's failure to pay Employer the sums due pursuant to the WCJ's order, Employer filed a praecipe with the common pleas court requesting that the prothonotary enter judgment in favor of Employer and against Claimant based on the WCJ's order. The judgment was entered by the prothonotary as requested by Employer. Thereafter, Claimant filed a motion to strike the judgment, and, on July 27, 2007, the common pleas court granted Claimant's motion to strike. In its order granting the motion to strike, the court stated:

> Section 428 of the Pennsylvania Worker's Compensation Act, (77 P.S. § 921), provides recourse to this summary procedure for obtaining judgment only to employees and dependents. While an employer's right to subrogation may be absolute, the striking of this improperly entered judgment is without prejudice to the plaintiff-employer's filing of a civil action to enforce that right.

Trial Court Order, 7/27/07.

¶ 4 Employer filed a timely appeal to this Court. However, on December 4, 2007, this Court issued a *per curiam* order directing Employer to show cause why its appeal should not be quashed as interlocutory, indicating that pursuant to the Note accompanying Pa.R.A.P. 311(a)(1), "[t]he 1989 amendment to paragraph (a)(1) elimi-

nated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action." Pa.R.A.P. 311(a)(1) Note. This Court's order required Employer to respond, and Employer promptly complied. In addition, this Court's *per curiam* order indicated that the issue regarding the status of the order appealed from would be referred to the panel assigned to decide the merits of the appeal. Accordingly, we must first determine whether the order appealed from is an appealable order, because the appealability of an order is a question of jurisdiction and may be raised *sua sponte*. *Riley v. Farmers Fire Ins. Co.*, 735 A.2d 124, 127 (Pa.Super.1999).

¶ 5 As noted above, pursuant to Pa.R.A.P. 311(a)(1), an order refusing to strike a judgment is an interlocutory order from which an appeal as of right may be taken. Such an order anticipates no further litigation in the lower court. However, where an order is issued that grants a motion to strike a judgment, such an order is generally not appealable, *i.e.*, it is not an interlocutory order from which an appeal as of right may lie. Such an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment. Here, the court itself recognized that in light of its order striking the judgment, to proceed Employer must file a new, separate civil action to enforce its right to the subrogation. Therefore, under the circumstances here, we conclude that the order striking the judgment ends the litigation as to all parties and all claims. Such an order is a final order as defined in Pa. R.A.P. 341(b) and an appeal may be taken as of right. *See* Pa.R.A.P. 341(a). *See also Riley*, 735 A.2d at 127 n. 3 (concluding that appeal from order striking judgment entered in an appraisal proceeding was final and appealable otherwise right to appeal would have been foreclosed and would have compelled the bringing of another suit).

¶ 6 Having concluded that the order appealed from is a final order, we now proceed to address the issue raised by Employer, that is, "[w]hether the Trial Court committed an error of law by granting [Claimant's] Motion to Strike a Judgment entered by [Employer] on the December 19, 2006 Order of Workers['] Compensation Judge Kathleen Vallely[?]" Employer's brief at 4. To begin, we reproduce the court's statement in its opinion issued pursuant to Pa.R.A.P.1925(a) as to the reason for striking the judgment:

[Employer] asserted that it had a right to enter this judgment pursuant to Section 428 of the Pennsylvania Workers' Compensation Act (77 P.S. § 921). Under this section, however, recourse to the summary procedure for entering judgment is granted only to employees and defendants. It is not available to employers or their insurance carriers.

Trial Court Opinion, 9/11/07.

¶ 7 Our review of Employer's praecipe to enter judgment reveals that it cited two sections of the Workers' Compensation Act (Act), namely, Section 428 of the Act, 77 P.S. § 921, and Section 319 of the Act, 77 P.S. § 671, to support its entry of judgment against Claimant for failure to "disgorge to employer $67,223.23 in satisfaction of employer's subrogation lien." WCJ's Order, 12/19/06.

¶ 8 "Section 319 of the Act authorizes an employer to be reimbursed for compensation benefits paid to an injured employee from the award of damages recovered by that employee from a third party for the work-related injury." *Kidd–Parker v. W.C.A.B. (Phila.Sch.Dist.)*, 907 A.2d 33, 37 (Pa.Cmwlth.2006), *appeal de-*

*nied*, 591 Pa. 676, 916 A.2d 1104 (2007). "[A]s a general principle of law, the employer's subrogation rights are statutorily absolute and can be abrogated only by choice." *Id.* at 40 (quoting *Winfree v. Philadelphia Elec. Co.*, 520 Pa. 392, 554 A.2d 485, 487 (1989)). The *Kidd–Parker* opinion further explained that:

The purpose of this subrogation is three-fold: it prevents double recovery for the same injury; it relieves the employer of liability occasioned by the negligence of a third party; and it prevents a third party from escaping liability for his negligence. *Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 421 A.2d 653 (1980). Section 319 is clear and unambiguous; is written in mandatory terms; and admits no exceptions, equitable or otherwise. *Thompson v. Workers' Compensation Appeal Board (USF&G Co.)*, 566 Pa. 420, 781 A.2d 1146 (2001). The employer's right to subrogation under Section 319 is automatic, and it is absolute. *Winfree v. Philadelphia Electric Co.*, 520 Pa. 392, 554 A.2d 485 (1989).

*Id.* at 37. Accordingly, we conclude that Employer has the absolute right to subrogation pursuant to Section 319 of the Act. Moreover, the parties stipulated to the sum due Employer during the proceedings before the WCJ.

¶ 9 Next, with regard to Section 428 of the Act, 77 P.S. § 921, the Commonwealth Court has explained that Section 428:

[G]overns how judgments are obtained for unpaid workers' compensation awards. Under this provision, when an employer has not paid benefits within 30 days of an award, a claimant is entitled to have the prothonotary issue a judgment for the entire amount owed. The judgment entered under this provision will only be lifted if the employer establishes that there was no order granting compensation, that 30 days had not passed since the order fixing payment, a supersedeas was granted, or that the amount owed has been paid.

*Clayton v. City of Philadelphia*, 910 A.2d 93, 97 (Pa.Cmwlth.2006) (affirming the denial of employer's petition to open judgments obtained by claimant for unpaid workers' compensation benefits). And, as noted by the common pleas court below, the language of Section 428 refers only to "employee or dependents entitled to compensation," and not to employers or insurance carriers. *See Black v. Billy Penn Corp.*, 72 Pa.Cmwlth. 628, 457 A.2d 192, 193 (1983) (affirming order striking judgment entered against employer by administratrix of the claimant's estate and the estate's attorney); *Lerner v. Philadelphia Psych. Center*, 18 Pa.Cmwlth. 636, 339 A.2d 910, 911 (1975) (affirming order that estate administrator lacked authority to have judgment entered against employer and insurer). Based upon the language of Section 428, it is evident that that section does not provide statutory authority for an employer to obtain a lien against a claimant who has refused to pay an employer's subrogation claim, even though the parties stipulated to the claim amount and that amount was the subject of a WCJ's order.

¶ 10 Although Employer acknowledges that the Act does not expressly state that a judgment can be entered in the court of common pleas as a result of a WCJ's order directing payment by an employee to an employer of a liquidated sum in satisfaction of the employer's subrogation entitlement, Employer argues that that fact does not foreclose such a remedy. Rather, based on case law and the interpretations of Section 319 of the Act, that an employer's subrogation right is absolute, Employer contends that disallowing an employer to enter a judgment in the common pleas court essentially renders the WCJ's order a nullity. We agree.

¶ 11 In *Romine v. W.C.A.B. (CNF, Inc./Potato Sack)*, 798 A.2d 852 (Pa. Cmwlth.2002), a case that involved a subrogation claim, the Commonwealth Court held that the Workers' Compensation Appeal Board's (WCAB) order was interlocutory since it remanded the matter to the WCJ for further proceedings and had not disposed of all claims. However, despite quashing the claimant's appeal, the Commonwealth Court, in an extensive footnote, quoted with approval a WCAB commissioner's discussion concerning a jurisdictional issue, *i.e.*, whether the common pleas court had jurisdiction to determine that the employer's insurance carrier had no subrogation right to a settlement in a third party action undertaken by the injured claimant. First, the commissioner indicated that a common pleas court may have the authority to approve a settlement entered into by all parties to a third party action, but it did not have jurisdiction to deny the rights that an employer or its insurance carrier had as to a right of subrogation. Specifically, the commissioner stated that "the Court of Common Pleas has no jurisdiction to adjudicate matters under the Act, including the issues of the application of any subrogation liens. . . . A WCJ is vested with authority to determine questions of subrogation, the Court of Common Pleas is not." *Id.* at 857 n. 10. Secondly, the commissioner discussed an employer's right to subrogation, noting that such a right is absolute. And, in response to the question of whether the court has authority to eliminate an employer's right of subrogation to force a settlement on all parties, including the carrier, the commissioner stated that "[w]e find that [the trial judge] clearly did not have any jurisdiction under the Act to eliminate or modify certain rights [the carrier] may have had under the Act as to the subrogation issue." *Id.*

¶ 12 Similarly, the question before the Supreme Court in *Gillette v. Wurst*, 594 Pa. 544, 937 A.2d 430 (2007), arose in the context of a wrongful death action and concerned the impact of a beneficiary's disclaimer of an intestate share of proceeds in such an action on an insurance carrier's right of subrogation. In other words, the Court "consider[ed] whether a party claiming entitlement to payment under the Wrongful Death Statute may disclaim her share of those proceeds once offered, when her disclaimer effectively negates the valid entitlement to subrogation of an insurance carrier." The trial court had granted the insurance carrier's petition to intervene, but held that it was without jurisdiction to resolve the subrogation claim. In discussing the jurisdictional issue, the Supreme Court stated:

> The courts of common pleas lack jurisdiction to adjudicate Workers' Compensation claims including issues involving subrogation. *Romine*, at 856–57 n. 10. However, the issue here does not arise solely under the Workers' Compensation Act; rather, it demands consideration of the interplay between [the insurance carrier's] unquestioned right of subrogation under the Act, Gillette's right to a wrongful death award, and the intestacy laws. Therefore, this matter was properly filed before the trial court rather than an administrative law judge, who would not be in position to adjudicate the wrongful death issue. **It is the existence of the valid subrogation claim, not jurisdiction to adjudicate it in the first place, that answers the issue.**

*Gillette*, 937 A.2d at 435–36 (emphasis added). Then relying on what it termed "the plain language of § 671, which states that when the compensable injury is caused by a third party, an employer 'shall be subrogated to the right of the employe [or] his representative . . . against such third party.' 77 P.S. § 671 . . . ," *id.* at 436 (emphasis in original), the Court explained that

the insurer "is not subrogated to the amount actually received by Gillette; rather, it is subrogated to the share that Gillette has the **right** to receive." *Id.* (emphasis in original). Thus, the Court held that Gillette could not exercise the right to disclaim, because that which she attempted to disclaim was a right held by the insurance carrier.

¶ 13 The jurisdictional discourses in both *Romine* and in *Gillette* are enlightening with regard to the issue before us. In the instant case we agree with the trial court's conclusion that Section 428 of the Act does not provide statutory authority allowing an employer to obtain a lien representing its statutory interest; however, at the same time, we are aware that the subrogation determination by the WCJ based on a stipulation of the parties is a final order that requires judicial recognition. Both *Romine* and, particularly *Gillette*, imply that such recognition is necessary, because the common pleas court cannot adjudicate the workers' compensation claim. However, without a procedure in place that allows the WCJ's order to be enforced, it becomes a nullity. Moreover, to require an employer under the circumstances that exist in this case to file another law suit merely to establish something that already has been established is incongruous and a waste of time, both for the parties and the judicial system. Most importantly, the common pleas court cannot undo what has been ordered by the WCJ pursuant to the Act; that is, it does not have jurisdiction to alter Employer's absolute right to the established subrogation amount as determined by the WCJ. Accordingly, we conclude that the common pleas court's order striking the lien must be reversed and the judgment must again be entered on the common pleas court docket.

¶ 14 Order reversed.

¶ 15 Judge KLEIN files a dissenting opinion.

DISSENTING OPINION BY KLEIN, J.:

¶ 1 I acknowledge the thorough discussion of this issue by my distinguished colleague writing for the majority, and agree that *in this case* it well might be the optimum solution. It is very possible that there is absolutely no defense to the employer's efforts to reduce the subrogation lien to judgment and Hohider is only trying to stall. However, that does not mean that there may be circumstances where in general there *is* a defense to reducing a Worker's Compensation Order to judgment.

¶ 2 For example, suppose that the worker has paid the lien and it just was not recorded in the office of the compensation carrier. Suppose the judgment is improperly being entered against someone else with the same name who had nothing to do with the underlying claim. Suppose, in fact, the Worker's Compensation was not final and was on appeal to the Commonwealth Court. There probably are many other possible defenses to a claim of judgment following a Worker's Compensation Court order.

¶ 3 There can be two ways to resolve any possible differences between the employer (or its carrier) and the worker in these cases.

1. The employer or carrier can merely have the Worker's Compensation order entered as a judgment akin to a confession of judgment, and the worker can petition to open the judgment, raising any defenses to the judgment.

2. The employer or carrier must file what would be expected to be a short form complaint against the worker, and the worker can raise any defenses in an answer. If, as it appears in this case,

there are no valid defenses, once the answer is filed the employer or carrier can move for judgment on the pleadings and get its judgment.

¶ 4 In general, to get a judgment one needs to file a lawsuit. Absent any legislative provisions, the employer would have to file suit. Whether or not this would be the best way in this situation is not for this Court to decide. That is a matter for the legislature, and I believe the legislature by its silence has determined that an employer or carrier must file suit rather than obtain a judgment merely by transferring the Worker's Compensation order.

¶ 5 Not only is there no common law way to obtain a judgment absent a lawsuit, but here the legislature in crafting the Worker's Compensation Law *did* know how to allow a party to merely obtain a judgment by filing a praecipe. The law provides that if a *worker* gets an award against an employer, the worker can reduce the award to judgment merely by filing it. At the same time, the law does *not* provide a similar remedy for employers who have a subrogation award. Therefore, since it is clear the legislature knew how to provide a quick way to enter judgment on an award but did not do so for subrogation awards, my conclusion is that the legislature did not intend to allow employers to have the same easy way to obtain a judgment from an award that they gave to employees.

¶ 6 Although I agree that the majority has presented a viable solution in instances where the employee has no defense to the lien, that solution is not as elegant when the employee does have a defense.

¶ 7 While in this case it may be that Hohider has no defense to the lien, we do not know that because he merely struck the lien as there was no provision to enter it automatically. We recognize that in the majority of cases there well may not *be*

any defenses, since the Worker's Compensation Court order cannot be relitigated. However, as noted, there might be other defenses. Under the present procedure, the employer would have to file a lawsuit merely referring to the Worker's Compensation Court lien. If there is no answer such as the *identity of the worker* or the fact of payment, then there can be judgment on the pleadings.

¶ 8 It well may be a better solution to allow the employer to file a lien and then require the worker to move to strike the lien raising the substantive defenses at that time. However, it is not up to this Court to craft such a remedy, but up to the legislature.

¶ 9 Because I believe that the Worker's Compensation Act is clear about who is allowed to enter a judgment in summary fashion and because Hohider has not been required to show that he has an arguably valid defense to the lien, I must agree with the trial judge that the employer has to file a lawsuit to obtain a judgment on the subrogation award and would affirm his order. Accordingly, I must dissent.