J-A18010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DUTCHESS QUARRY & SUPPLY CO., INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LONGVIEW CONSTRUCTION, LLC, | |
| Appellee | No. 1761 MDA 2015 |

Appeal from the Order Entered September 22, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 15-15040

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 18, 2016**

Appellant, Dutchess Quarry & Supply Co., Inc., appeals from the September 22, 2015 order opening and striking a foreign judgment against Appellee, Longview Construction, LLC ("Longview").  After careful review, we vacate the order and remand for proceedings consistent with this memorandum.

On March 19, 2013, Appellant filed a Complaint against Longview in the Supreme Court of New York, Dutchess County.  Appellant's Brief at 2. The complaint was served on Longview on April 3, 2013, and again on April 17, 2013.  **Id.**  After Longview failed to file an answer to the complaint, Appellant petitioned for judgment.  On July 23, 2013, default judgment was

_____

[*] Former Justice specially assigned to the Superior Court.

entered by the Supreme Court of New York in favor of Appellant and against

Longview. *Id.* at 3.

The subsequent procedural history of this case was summarized by the

trial court in its Pa.R.A.P. 1925(a) opinion:

> On July 14, 2015, [Appellant] filed with the Berks County Prothonotary a Praecipe for Registration of Foreign Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. The praecipe indicated … that the judgment amount was $184,601.77, not including costs of litigation and attorney's fees, which were recorded for $1,374.25.
>
> …
>
> On July 23, 2015, [Longview], by way of attorney Nicole Plank, Esquire, filed a Petition to Open/Strike Default Judgment in Berks County, Pennsylvania, alleging that when the default judgment was entered in the state of New York, the parties were attempting to "reconcile this matter". [Longview] further alleged that it had a valid defense to the underlying lawsuit. Specifically, [Longview] alleged that it "never ordered any construction materials from [Appellant] between July 2011 and October 2011, and never received any construction materials from [Appellant] between July 2011 and October 2011."
>
> On August 11, 2015, the trial court entered a rule to show cause order on [Appellant] and scheduled argument on questions of law for September 16, 2015. On September 2, 2015, [Appellant] filed an answer and new matter to [Longview's] petition, denying that [Longview] had a meritorious defense. On September 18, 2015, following argument on the petition, the court entered an order, striking off the default judgment.[1]

Trial Court Opinion (TCO), 2/8/16, at 2.

---

[1] The order opening and striking the judgment against Longview is dated September 18, 2015, but was entered on the docket on September 22, 2015. Thus, the order is referred to herein as the "September 22, 2015 Order."

On October 7, 2015, Appellant filed a timely notice of appeal followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2]   Herein, Appellant presents the following sole issue for our review:  "Did the trial court err when it opened and struck the New York Judgment at issue in this matter, via its September 22, 2015 Order as later explained by its Opinion of February 8, 2016?"  Appellant's Brief at 2.

It is unclear in light of the record before us whether the court intended to "open" or "strike" the default judgment.  The September 22, 2015 Order states that the judgment shall be "opened and stricken," but the court's Rule 1925(a) opinion merely addresses the merits for "opening" a judgment.  It is well-settled under Pennsylvania law that opening a default judgment and striking a default judgment are two distinct remedies, and that the two are generally not interchangeable.  ***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261, 1270 (Pa. Super. 2015).

For purposes of this appeal, the distinction between these two dispositions is vital, because it impacts our ability to review this matter.

> Our Court may reach the merits of an appeal taken from (1) a final order or an order certified as a final order; (2) an

---

[2] Longview filed a motion to quash the appeal, arguing that the order being appealed is interlocutory and not appealable.  On December 1, 2015, this Court entered an order denying the motion without prejudice to Longview's right to again raise the issue presented in the motion before the merits panel.

interlocutory order appealable as of right; (3) an interlocutory order appealable by permission, or (4) a collateral order. As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties.

*In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa. Super. 2012) (internal citations and quotation marks omitted). "[I]t is well-settled that an appeal from a trial court's order granting a petition to open judgment is interlocutory." *Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 478 n.4 (Pa. Super. 2014). However, an appeal may lie from an order striking a default judgment. *See United Parcel Service v. Hohider*, 954 A.2d 13, 16 (Pa. Super. 2008) (concluding that where an order striking a default judgment ends the litigation as to all parties and all claims as it necessitates the filing of a new, separate civil action, it is a final order pursuant to Pa.R.A.P. 341(b) and an appeal may be taken as of right).

Based on the record before us, we are unable to make a determination as to whether the trial court intended to open or strike the judgment. It would also be premature for this Court to determine if an order striking judgment in this case is final and appealable under the rationale in *Hohider*. Accordingly, we vacate the September 22, 2015 Order and remand for the trial court to issue a new order clearly indicating whether it is granting Longview's petition to open *or* strike the default judgment. If the order is revised to strike the default judgment, and Appellant again files a timely appeal, the court must issue a new 1925(a) opinion discussing the finality of the order and the rationale underlying its decision to strike.

Order **vacated**.  Case **remanded** for proceedings consistent with this memorandum.  Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/2016</u>