J-A01012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF NAOMI R. CHERUP, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LISA A. CHERUP, EXECUTRIX OF THE ESTATE OF NAOMI R. CHERUP, DECEASED | No. 409 WDA 2016 |

Appeal from the Order February 23, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): No. 02-15-4102

| | |
|---|---|
| IN RE: NAOMI R. CHERUP, A PARTIALLY INCAPACITATED PERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LISA A. CHERUP, EXECUTRIX OF THE ESTATE OF NAOMI R. CHERUP, DECEASED | No. 410 WDA 2016 |

Appeal from the Order February 23, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): No. 02-12-4185

BEFORE: BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 22, 2017**

Lisa A. Cherup, in her capacity as Executrix of the Estate of Naomi R. Cherup, deceased, filed these appeals in two separate action numbers from an order that struck a judgment. We quash.

* Retired Senior Judge assigned to the Superior Court.

On June 28, 2012, Lori L. Cherup petitioned at action number 02-12-4185 for the appointment of a permanent guardian of the person and estate of Naomi R. Cherup, who had three adult children: Lori, Lisa, and David Cherup. Lori averred that her mother Naomi was incapacitated and that David, who was living with his mother, was taking advantage of her. On February 19, 2013, with the consent of Naomi and Lori, the court appointed for Naomi a limited permanent guardian of the person, Dr. Samuel G. Rankin, who was Naomi's brother, and a limited permanent guardian of the estate, Smithfield Trust Company ("Smithfield").

When the guardianship proceeding was instituted, the orphans' court revoked Naomi's previously executed power of attorney. The orphans' court further ordered that Naomi's residence, which had been transferred to David, be deeded back into her name. After Dr. Rankin resigned as guardian of the person, Lori was appointed as limited permanent guardian of Naomi's person.

Naomi died on June 21, 2015, at age ninety-two. On August 10, 2015, at docket number 02-15-4102, the Director of the Department of Court Records, Wills/Orphans' Court Division, for the County of Allegheny (the "Director"),[1] admitted to probate a last will and testament of Naomi

---

[1] This office was formerly known as the Register of Wills of Allegheny County.

dated November 5, 2008, and it granted letters testamentary to Lisa under the November 5, 2008 will.

Due to Naomi's death, at the guardianship proceeding at case number 02-12-4185, Smithfield prepared a first and final account and a petition for distribution. In the petition, Smithfield proposed distributing the assets of the guardianship to Lisa, as Executrix under the will dated November 5, 2008. On August 17, 2015, the court conducted a hearing in the guardianship case, and David appeared, maintaining that the assets should not be distributed to Lisa as Executrix under the November 5, 2008 will. David argued that Naomi executed subsequent documents, either a will or trust agreement, that superseded the November 5, 2008 will and altered the personal representative and manner in which Naomi's probate assets were to be distributed.

On September 9, 2015, David's oral objections were denied, and the judge in the guardianship matter entered a decree ordering that the guardianship assets be distributed to Lisa, as Executrix under the November 5, 2008 will. David filed written exceptions to the decree and again argued that there were subsequent wills or a trust agreement that superseded the November 5, 2008 will admitted to probate. In his exceptions to the September 9, 2015 decree entered in the guardianship proceedings, David asked that the guardianship funds be retained by Smithfield until the orphans' court decided whether Naomi had executed a valid, subsequent

testamentary document that superseded the November 5, 2008 will. David also filed a petition for rule to show cause why the September 9, 2015 decree should not be vacated.

Separately, in the estate matter at action number 02-15-4102, David obtained a citation on September 1, 2015. That citation directed Lisa to show cause why her letters should not be revoked and why a subsequent testamentary document should not be admitted to probate.

Then, in the guardianship case, Lisa filed a motion to strike David's exceptions to the September 9, 2015 decree of distribution. Lisa's motion to strike David's exceptions was denied on November 5, 2015. On February 16, 2016, despite the pending citation that was entered against her and the fact that the court refused to strike David's exceptions, Lisa filed a praecipe in the guardianship case, and she praeciped for a deemed denial of the exceptions filed by David and to enter judgment on the September 9, 2015 decree of distribution, in which the guardianship assets were ordered to be distributed to Lisa, as Executrix under the November 5, 2008 will. Even though Lisa obtained entry of judgment, with interest from September 9, 2015, against Smithfield and in her favor, she did not send notice of her praecipe to Smithfield. By having the Director enter judgment in her favor and against Smithfield, Lisa sought to force Smithfield to transfer the guardianship assets to her as Executrix under the November 5, 2008 will.

David filed a motion to strike the judgment entered by the Director. His motion was granted on February 23, 2016. In its February 23, 2016 order, the court explained that, when the order was entered denying Lisa's motion to strike David's exceptions to the September 9, 2015 decree, that order implicitly sustained the exceptions filed by David.[2] The orphans' court ruled that the Director had improperly entered the praecipe of the deemed denial of the exceptions and judgment against Smithfield. Concomitantly, in the February 23, 2016 order, the orphans' court struck both the entry of judgment against Smithfield and the September 9, 2015 decree of distribution. It ordered that Smithfield continue to hold the guardianship assets until such time as it determined whether the November 5, 2008 will had been revoked or superseded by a later testamentary document.

These appeals followed. In its brief, Smithfield maintains that these appeals are interlocutory and must be quashed. We concur with this assessment. As a general rule, this Court has jurisdiction only over appeals taken from final orders. *Angelichio v. Myers*, 110 A.3d 1046 (Pa.Super. 2015); 42 Pa.C.S. § 742 (emphasis added) ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from **final orders of the**

_____

[2] While the trial court may have **intended** to grant the exceptions, we disagree with the court's indication that its order denying Lisa's motion to strike David's exceptions also implicitly granted the exceptions. The order in question resolved only the motion to strike.

**courts of common pleas**, regardless of the nature of the controversy or the amount involved," except in cases within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court). A final order is one that "(1) disposes of all claims and of all parties; (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to Pennsylvania Rule of Appellate Procedure 341(c)." ***McGrogan v. First Commonwealth Bank***, 74 A.3d 1063, 1075 (Pa.Super. 2013); Pa.R.A.P. 341.

In addition, the rules of appellate procedure allow this Court to exercise jurisdiction over specifically-delineated interlocutory orders, including "an interlocutory order as of right (Pa.R.A.P. 311 [or Pa.R.A.P. 342 in estate cases]); . . . an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or . . . a collateral order (Pa.R.A.P. 313)." ***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1068 (Pa.Super. 2014) (citation omitted).

Initially, we note that the order in this case clearly was interlocutory. It struck the decree of distribution judgment, and placed the parties back in the same position they occupied when Smithfield filed the first and final account and petition for distribution. The decree ordering distribution of the assets to Lisa, as Executrix under the November 5, 2008 will, was vacated, and the assets were left in Smithfield's possession until the question of how the guardianship assets were to be distributed was determined. Additionally, as the order struck a judgment rather than entered a judgment,

Pa.R.A.P. 311(a) is inapplicable. Pa.R.A.P. 311(a)(1) (emphasis added) ("An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from . . . [a]n order **refusing** to open, vacate, or strike off a judgment."). As we observed in **United Parcel Serv. v. Hohider**, 954 A.2d 13, 16 (Pa.Super. 2008), under Pa.R.A.P. 311(a)(1), "where an order is issued that grants a motion to strike a judgment, such an order is generally not appealable, *i.e.,* it is not an interlocutory order from which an appeal as of right may lie. Such an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment." The orders on appeal specifically struck a judgment and envisioned further proceedings to determine whether Lisa, as executrix under the November 5, 2008 will, or a person named in a subsequent testamentary document, is entitled to distribution of the guardianship property.

In response to Smithfield's position in its appellee's brief, wherein this issue was raised for the first time, Appellant, in her reply brief, makes various arguments as to why the appeals are properly before us. She relies first upon Pa.R.A.P. 311(a)(2), granting an appeal as of right from an "order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property[.]" Herein, the order in question had nothing to do with an attachment, custodianship or receivership.

It likewise decidedly did not affect possession or control of property. The court indicated in its February 23, 2016 order that it, in fact, intended to decide how the property was to be distributed. The order merely returned the status of the guardianship action to a request for distribution from Smithfield. The request was not resolved and, instead, was deferred until the court concluded whether the November 5, 2008 will governed the disposition of Naomi's guardianship assets.

Additionally, contrary to Appellant's position, the February 23, 2016 order did not **reverse** the September 9, 2015 decree distributing the guardianship assets to her. Rather, the decree was vacated, and the court expressly indicated that it would decide whether that decree was correct. The orphans' court may, in fact, find that Appellant is entitled to the guardianship assets and that there were no valid testamentary documents executed by Naomi after November 5, 2008. In that case, another, identical decree would be entered.

We summarily reject Appellant's reliance upon Pa.R.A.P. 311(a)(4), which grants immediate review of an order that "grants or denies, modifies, or refuses to modify, continues or refuses to continue or dissolves or refuses to dissolve an injunction[.]" The order in question had nothing to do with any type of injunctive relief.

This Court likewise discounts Appellant's reliance upon the collateral doctrine outlined in Pa.R.A.P. 313, which states:

> (a)   General Rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> (b)   Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. "All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal." ***Commonwealth v. Harris***, 32 A.3d 243, 248 (Pa. 2011); ***Commonwealth v. Sabula***, 46 A.3d 1287 (Pa.Super. 2012).

In the present case, the third element of the collateral order exception is not satisfied. Appellant may prevail in the anticipated orphans' court proceedings, in which case she will not need to appeal. If David is successful and the orphans' court holds that a document other than the November 5, 2008 will controls disposition of Naomi's property, Appellant can obtain review of the propriety of that decision as well as an appellate ruling as to whether the February 23, 2016 interlocutory order was correct. ***True R.R. Assocs., L.P. v. Ames True Temper, Inc.***, 152 A.3d 324, 335 (Pa.Super. 2016) (citation omitted) ("When an appeal is properly filed from the final order entered in a case, any prior interlocutory order can be called into question.").

Finally, Appellant posits that Pa.R.A.P. 342(a)(5) applies.[3]   That rule

states that, "An appeal may be taken as of right from the following orders of

_____

[3] Pa.R.A.P. 342 states in full:

**(a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342.

the Orphans' Court Division . . . [a]n order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship." As delineated above, the order vacated a previous decree that determined who should receive the guardianship assets and indicated that, in the future, that matter would be decided. Thus, it did the opposite of determining the status of the guardianship matter. It placed the guardianship proceeding and the question of the distribution of its assets in a suspended state. Under the same reasoning, we discount Appellant's position that the order determined an "interest in real or personal property," which is appealable under Pa.R.A.P. 342(6). The February 23, 2016 order left open who had the interest in the guardianship property. We reject Appellant's assorted attempts to invoke our jurisdiction and thus quash.

Appeals quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2017

- 11 -