J-S31032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 535 PENN INVESTMENTS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DELAWARE STEEL COMPANY OF | : | No. 813 EDA 2023 |
| PENNSYLVANIA | : | |

Appeal from the Order Entered February 23, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2022-04180

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 7, 2023**

535 Penn Investments, LLC ("535 Penn") appeals from the order granting Delaware Steel Company of Pennsylvania's ("Delaware Steel") petition to strike a confession of judgment. We affirm.

The trial court summarized the facts as follows:

On March 23, 2022, [535 Penn] filed a Complaint for Confession of Judgment for Money against [Delaware Steel]. The Complaint averred that Delaware Steel had entered into a Lease for commercial office space and that a copy of the Lease, together with two amendments, was attached to the Complaint as Exhibit A. It averred that 535 Penn was the assignee of the original landlord. The Complaint further stated that Delaware Steel failed to pay rent when due and, therefore, it was "served" with a Notice of Default, a copy of which was attached to the Complaint as Exhibit B. Averring that Delaware Steel failed to cure the default, the Complaint invoked the warrant of attorney in the Lease and confessed judgment against Delaware Steel for the rent due, together with attorney fees and costs. Pursuant to the confession of judgment, the Prothonotary entered judgment in favor of 535 Penn and against Delaware Steel for $175,370.36.

On April 21, 2022, Delaware Steel filed [its] Verified Petition to Strike, or Alternatively, to Open Judgment Entered by Confession and to Stay Execution. The Petition identified four alleged defects in the Complaint to support the request to strike the judgment and also set forth allegations of misconduct by 535 Penn to support the request to open the judgment. One of the grounds for striking the judgment asserted that, on the face of the Complaint and its exhibits, 535 Penn's Notice of Default had failed to comply with the notice requirements set forth in the Lease — specifically, that the Notice of Default was not sent by a means authorized by the Lease, that it was not addressed to the attention of a specified individual as required, and that it was not sent to a required copy recipient.

Trial Court Opinion, filed May 22, 2023, at 1-2.

The court granted Delaware Steel's petition to strike and ordered that the confessed judgment be stricken. 535 Penn filed a motion for reconsideration, which was denied. This appeal followed.

535 Penn raises a single issue for our review: "Whether the [t]rial [c]ourt erred in granting [Delaware Steel's] Petition to Strike the Confession of Judgment." 535 Penn's Br. at 4.

Preliminarily, we consider whether we have jurisdiction over this appeal. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Bailey v. RAS Auto Body, Inc.**, 85 A.3d 1064, 1067 (Pa.Super. 2014) (citation omitted). This Court may "inquire at any time, *sua sponte*, whether an order is appealable." **Id.** at 1068 (citation omitted).

Generally, an order striking a judgment is not appealable because "[s]uch an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment." **UPS v. Hohider**, 954 A.2d 13, 16 (Pa.Super. 2008). However, an order striking a

judgment is appealable when its effect is to end the existing litigation as to all parties and claims. **Id.** In such a case, "an order is a final order as defined in Pa.R.A.P. 341(b) and an appeal may be taken as of right." **Id.**

Here, 535 Penn's complaint only contained a single count seeking a confession of judgment and did not include any alternate claims. Notably, the court's order striking the judgment did not contemplate or direct any further proceedings. The order thus effectively ended 535 Penn's confession action. As a result, the order striking the confession constituted a final order under Pa.R.A.P. 341(b) and was immediately appealable as of right. **See id.**; **see also Stoltzfus v. Green Line Labs**, ____ A.3d ____, 2023 PA Super 179, *2-3 (filed Sept. 25, 2023) (concluding that order granting petition to strike confessed judgment that ended all litigation between the parties was a final order). Having determined that this Court has jurisdiction over the instant appeal, we now address the merits of 535 Penn's claim.

Generally, "the law does not favor confession of judgment provisions." **Beckett v. Laux**, 577 A.2d 1341, 1347 (Pa.Super. 1990). "Pennsylvania courts are fully aware of the possibility of abuse that can arise from judgments by confession, so courts are strict in ruling upon their validity." **Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Restaurant, Inc.**, 214 A.3d 259, 271 (Pa.Super. 2019).

We review a trial court's ruling on a petition to strike a confessed judgment for an abuse of discretion or error of law. **Ferrick v. Bianchini**, 69 A.3d 642, 647 (Pa.Super. 2013).

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***Resolution Trust Corp. v. Copley Qu-Wayne Assocs.***, 683 A.2d 269, 273 (Pa. 1996) (citation omitted). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Id.*** (citation omitted). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 917 (Pa. 1997). "The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits." ***Neducsin v. Caplan***, 121 A.3d 498, 504 (Pa.Super. 2015).

Here, pursuant to the Lease, which was attached to 535 Penn's complaint in confession of judgment, 535 Penn was required to give notice to Delaware Steel in the event of a default for failure to pay rent. An "event of a default" of the Lease included:

> 17.1.1 Tenant does not pay in full when due any installment of Rent or any other charge or payment whether or not herein included as Rent, and such failure to pay is not cured within three (3) business days following Tenant's receipt of **notice from Landlord** thereof[.]

Lease at ¶ 17.1.1. (emphasis added).

535 Penn was thus required to give Delaware Steel notice of a default and a three-day opportunity to cure. The Lease specified how "notice" of default was to be provided:

- 4 -

20. <u>Notices</u>.

All bills, statements, notices or other communications given hereunder shall be deemed sufficiently given or rendered **only if in writing and sent to Tenant or Landlord by certified or registered mail, return receipt requested, postage prepaid, or by commercial overnight carrier guaranteeing next business day delivery** (such as Federal Express or UPS), addressed as follows:

If to Tenant:

DELAWARE STEEL COMPANY OF PENNSYLVANIA

535 Pennsylvania Avenue

Fort Washington, PA 19034

***Attention: Jerald Brownstein***

If to Landlord:

HUB PROPERTIES TRUST

c/o Reit Management & Research LLC

400 Centre Street

Newton, Massachusetts 02458

Attention: Jennifer B. Clark

With a copy to:

Reit Management & Research LLC

Management Office

1600 Market Street, 5th floor

Philadelphia, PA 19103

Attention: General Manager

or such other person or place as either party hereto may designate by notice given as aforesaid. Notices shall be deemed received as of the date of delivery (or refusal of delivery, as the case may be) set forth on the return receipt or in the records of the overnight carrier.

*Id.* at ¶ 20 (emphasis added).

535 Penn's complaint averred that it served Delaware Steel with a notice of default by letter dated September 3, 2020. *See* Complaint at ¶ 8. The letter was attached to the complaint as Exhibit B and indicated that it was sent "**VIA EMAIL AND REGULAR U.S. MAIL**" to:

> Delaware Steel Company of Pennsylvania
>
> 535 Pennsylvania Avenue
>
> Suite 102
>
> Fort Washinton, PA 19034
>
> Attn: Lisa Goldberg, President

Letter, dated Sept. 3, 2020. It also indicated that it was sent to "lisa.goldenberg@delawaresteel.com." *Id.*

The court concluded that the notice of default letter sent by 535 Penn to Delaware Steel failed to comply with the notice requirements set forth in the Lease. It found:

> [The notice] was sent by email and regular U.S. mail, neither of which are authorized by paragraph 20 of the Lease. Rather, paragraph 20 requires delivery either by registered or certified mail, return receipt requested, or by a commercial next-day carrier. Further, the Lease requires that the notice be addressed to the attention of Jerald Brownstein, but it was in fact addressed to the attention of Lisa Goldberg.

Trial Ct. Op. at 5-6. The court determined that 535 Penn's failure to comply with the notice requirements in paragraph 20 of the Lease, and thus of the notice-and-opportunity-to-cure provisions in paragraph 17.1.1, was a fatal

defect appearing on the face of the record that required the confessed judgment to be stricken. *Id.* at 6, 8.

We initially point out that 535 Penn has wholly failed to address the issue of improper notice, which was raised in Delaware Steel's petition to strike and formed the entire basis of the trial court's decision. It instead only argues that Delaware Steel was a holdover tenant that is liable for holdover rental penalties. *See* 535 Penn's Br. at 10-12. Such an argument is entirely irrelevant to the court's reasoning for striking the judgment.

We find no abuse of discretion in the court's decision to strike the judgment. The notice of default clearly failed to comply with the Lease's notice requirements. The notice was addressed to the incorrect person and was not sent by certified or registered mail or by commercial overnight carrier as required by the express terms of the Lease. Thus, because the notice was defective, a fatal defect appeared on the face of the record. *See Dominic's Inc.*, 214 A.3d at 273 (holding that promissory note holder's failure to plead that it had complied with notice and cure provisions of note constituted fatal defect requiring judgment of confession to be stricken). Accordingly, the court properly struck the confessed judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/07/2023