**GOOD TIRE SERVICE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WOLFE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Jan. 28, 2009.

Decided July 15, 2009.

Robert P. Walter, Pittsburgh, for petitioner.

Ryan R. Smith, Pittsburgh, for respondent.

LEADBETTER, President Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY President Judge LEADBETTER.

■ Employer Good Tire Service petitions for review of the March 27, 2008 order of the Workers' Compensation Appeal Board (Board) that reversed in part and modified in part the order of the Workers' Compensation Judge (WCJ) granting Employer's petition to review benefit offset. This case presents a novel issue under Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671:[1] whether an employer's *pro-rata*

---

1. In pertinent part, Section 319 of the Act provides that where a claimant's compensable injury is caused in whole or in part by the act or omission of a third party, an employer shall be subrogated to the right of the claimant against the third party to the extent that the employer paid compensation to the claimant. Because the employer obtains a valuable benefit from the claimant's third-party lawsuit, the employer must pay its *pro-rata* share of the reasonable attorney's fees and litigation costs incurred in obtaining a recovery or ef-

share of attorney's fees from a third-party settlement arising out of a work injury should be calculated based upon counsel's original contingent-fee agreement with the claimant or upon the actual amount ultimately paid, where counsel has reduced his fee. Characterizing the waived portion of the fee as a "gift," the Board ruled that Employer's share of the fee was to be calculated on the contractual amount rather than the amount actually retained by counsel from the settlement proceeds. Because we conclude that there is no principled or legal distinction between a fee that is refunded and one that is never taken in the first place, we reverse the Board's order.

The facts as found by the WCJ are as follows. In April 2004, Timothy Wolfe (Claimant) suffered a broken right leg as a result of an automobile accident that occurred while he was in the course and scope of his employment. Employer's insurer, Cincinnati Insurance Company, recognized the injury via the issuance of a notice of temporary compensation payable, which later converted to a notice of compensation payable. Based on an average weekly wage of $820.21, Claimant received weekly benefits of $547.21.

Claimant subsequently filed a third-party lawsuit arising out of the work injury. In September 2006, Claimant settled the lawsuit for a total of $75,000, having incurred litigation costs of $727.25. As of the date of the settlement, employer's insurer had paid $13,289.39 in wage loss benefits [2] and $34,969.93 in medical benefits, thereby bringing its total accrued lien against the third-party settlement recovery to $48,259.32.

Claimant and his counsel had entered into a contingent-fee agreement for forty percent of any amount recovered in the third-party lawsuit. Having received the settlement check at the conclusion of the lawsuit, Claimant's counsel deposited the forty-percent fee, $30,000, and then remitted $9,205.92 of that fee to Claimant when the proceeds were distributed. The record contains the following Settlement Distribution Statement:

---

fectuating a settlement. *Id.* An employer's *pro-rata* share of reasonable attorney's fees is the proportion of attorney's fees and other costs that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. *Id.* An employer's right to subrogation is automatic and absolute. *Suburban Delivery v.*

*Workers' Comp. Appeal Bd. (Fitzgerald),* 858 A.2d 219 (Pa.Cmwlth.2004).

2. On October 4, 2004, Claimant returned to work for Employer without an injury-related loss.

## SETTLEMENT DISTRIBUTION STATEMENT

RE:   Timothy Wolfe and Debbie Wolfe vs. City Slag LLC
Mercer County Court Docket No. 2005-2189

---

▪TOTAL SETTLEMENT PROCEEDS:                                          $75,000.00
### DISTRIBUTION:

•Cincinnati Insurance Companies (Workers' Comp Lien):
  ▸Total Lien Amount:                          $47,464.44
  ▸Attorney Recovery Fee Reduction (40%):      $18,985.77
 Amount Due Cincinnati Insurance Companies:                         $28,478.67

•Lewis, Lewis & Reilly (Attorney Fee Reduced from 40%)              $20,794.08

•Lewis, Lewis & Reilly (Reimbursement of Costs Advanced)            $   593.05
  1. Armstrong Orthopedic Assoc. (Dr. Hepner Records):   $  43.52
  2. Medical Records Management (Records):               $  39.53
  3. Evelyn S. Perry (Deposition Transcript):            $260.00
  4. Diane Buchbarker, M.D. (Deposition Cancellation Fee): $250.00
                                                         $593.05
•Network Deposition Services (Deposition Transcript):               $   134.20

▪ BALANCE OF SETTLEMENT DUE TIMOTHY & DEBBIE WOLFE:                 $15,794.08

▪ ATTORNEY FEES WAIVED:                                             $ 9,205.92*
    *Attorney fees in the amount of $9,205.92 are hereby refunded as
    to Timothy Wolfe and Debbie Wolfe to avoid client's receiving
    less monies than attorneys in a settlement involving serious and
    permanent injury to the Plaintiff Timothy Wolfe.

▪ TOTAL AMOUNT PAYABLE TO TIMOTHY & DEBBIE WOLFE:                   $25,000.00**

---

**Clients agree that they are responsible for any and all outstanding medical bills, if necessary.

The distribution as set forth above is fair and in accordance with our agreement with Attorney Ryan R. Smith and the Law Firm of Lewis, Lewis & Reilly. We are satisfied with the services rendered in this case, and we acknowledge receipt of the balance due us representing the full and final settlement of the above-referenced personal injury case.

Dated this _18_ day of _September_, 2006

x _Timothy Wolfe_

x _Debbie Wolfe_

WITNESS: _____    COPY

Magisterial District Judge
Samuel R. Goldstrohm
District Court 33-3-04
Armstrong County, PA
Commission Exp. 1-3-201        10a

Claimant's counsel took the position that the forty-percent contingent fee applied to the calculation of Employer's *pro-rata* recovery of its compensation lien, regardless of counsel's voluntary decision to refund a waived portion of the fee to Claimant. Accordingly, Claimant's counsel paid

$28,478.67 to Employer's insurer from the $75,000 recovery.

The insurer, however, did not accept $28,478.67 as full payment. Instead, it calculated the recovery of its accrued lien and future grace period using an attorney's fee of $20,974.08, what the attorney kept as a fee after deducting the refunded amount of $9,205.92. It also took into account the $725.25 in litigation costs. Employer filed the petition to review benefit offset at issue, alleging that the subrogation claim had not been paid in full.

In granting Employer's petition, the WCJ concluded that "[t]he waived and refunded fee amount is not a reasonable attorney fee incurred in obtaining the recovery from a third party, within the meaning of Section 319. . . ." WCJ's Conclusion of Law No. 1. Accordingly, the WCJ directed Claimant's counsel to reimburse the insurer $34,485.67 in satisfaction of the subrogation lien, allowing credit for a previous payment of $28,478.67. Claimant appealed from the WCJ's decision.

The Board reversed, characterizing the fee waiver as a "gratuity." Specifically, the Board noted:

> [Employer] who has received reimbursement of its subrogation lien now seeks to receive an additional benefit of a gratuity that counsel extended to its client in light of the severe injuries not to mention pain and suffering that the client sustained. We hold that to recalculate the subrogation amount to reduce the third party recovery to the Claimant under these facts would be contrary to the humanitarian purposes of the . . . Act in addition to the contractual rights of the parties.

Board's Decision at 6. Employer's timely petition for review to this Court followed.

In support of its position, Employer contends that the Board's determination that insurer's subrogation lien should be reduced by the full forty-percent fee, regardless of the fact that the full amount was not retained by counsel, contradicts well-established law that the statutory right of subrogation is an absolute right that cannot be altered or made subject to equitable principles. *Thompson v. Workers' Comp. Appeal Bd. (USF &G Co.)*, 566 Pa. 420, 781 A.2d 1146 (2001); *Stout v. Workers' Comp. Appeal Bd. (Pennsbury Excavating, Inc.)*, 948 A.2d 926 (Pa.Cmwlth.), *appeal denied*, 599 Pa. 684, 960 A.2d 457 (2008). Employer emphasizes that the only attorney's fees actually paid in this matter were $20,794.08, almost $10,000 less than the amount set forth in the fee agreement. Employer, therefore, urges this Court to reject the Board's erroneous acceptance of the proffered equitable reason for the refund, *i.e.*, that it would have been inequitable for Claimant to receive less than his attorney's fees. It asks us to enforce the statutory right of subrogation.

In response, Claimant maintains that the Board properly noted the principles of subrogation as set forth in Section 319 of the Act and explained how counsel complied with them consistent with the Supreme Court's decision in *Pennsylvania Manufacturers' Association Insurance Company v. Wolfe*, 534 Pa. 68, 626 A.2d 522 (1993). In that case, the Court determined that the attorney who creates the third-party settlement fund is entitled to get paid prior to the insurer's receiving any benefit from that settlement, noting that "but for the attorney's actions, there would be no fund for either the workers' compensation carrier or for the client-injured employee." *Id.* at 74, 626 A.2d at 525 (emphasis deleted).

We first note that *Wolfe* held that in a structured settlement situation in which the initial lump-sum payment was insufficient to cover both the counsel fee and the

subrogation lien, the fee was to be paid first and the lien satisfied out of subsequent proceeds. Here, the entire settlement was paid in a lump sum, so priority of payments did not come into play. *Wolfe* had nothing to do with calculating the amount of employer's subrogation interest, nor the amounts anyone was to be paid, only the priority of payments. It simply affords no support for Claimant's suggestion that counsel can deposit an agreed-upon fee, then calculate Employer's *pro-rata* share on that deposit, then remit part of that fee to his client and refuse to recalculate Employer's share because counsel has gone through the mechanical steps in a particular order. Moreover, while we do not impugn counsel's motives here, were we to accept Claimant's argument, we would open the door to sham fee agreements specifically calculated to avoid the law regarding employers' subrogation rights.

▉▉▉ Nonetheless, counsel maintains that once he deposited the fee into the firm's general account, those monies became the property of the firm. As such, counsel argues that he was entitled to make a gift to Claimant out of those funds in order to prevent him from receiving less money than his counsel,[3] and that such action should be viewed as furthering the humanitarian purposes of the Act.

▉▉ Apparently, Claimant's counsel agreed with the WCJ that under the circumstances, "[t]he waived and refunded fee amount is not a reasonable attorney fee incurred in obtaining the recovery" and so waived $9,205.92 of that fee and distributed that amount to Claimant along with Claimant's share of the settlement proceeds. While we respect and commend counsel's professionalism in reducing his fee, neither his motives nor the humanitarian purposes of the Act allow us to ignore the fact that the fee actually paid was $20,794.08, not $30,000. This is the amount upon which Employer's *pro-rata* share of costs must be calculated under the Act. It is of no moment that a larger amount was originally agreed upon or whether that larger fee might have been found reasonable had it, in fact, been paid. As noted above, the statutory right of subrogation is "clear and unambiguous. It is written in mandatory terms and, by its terms, admits of no express exceptions, equitable or otherwise." *Thompson*, 566 Pa. at 428, 781 A.2d at 1151. Employer is obligated under the Act to pay a *pro-rata* share of the fee paid to generate the fund subject to subrogation, not some hypothetical fee which *might* have been paid.

Accordingly, for the above reasons, we reverse the Board and reinstate the order of the WCJ.

### ORDER

AND NOW, this 15th day of July, 2009, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby REVERSED, and the order of the Worker's Compensation Judge is REINSTATED.

DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully disagree with the majority's decision to reverse the order of the Workers' Compensation Appeal Board

---

**3.** Counsel also argues to this Court that, once it was deposited, the entire $30,000.00 constituted income upon which the firm was obligated to pay taxes, no matter what happened thereafter. He asserts no authority for this novel proposition, and no evidence was presented concerning the law firm's treatment of the money for tax purposes. Employer properly points out that a counsel's assertions and arguments do not constitute evidence. *Jacquin v. Pennick*, 68 Pa.Cmwlth. 327, 449 A.2d 769 (1982).

(Board) and reinstate the order issued by the Workers' Compensation Judge (WCJ) to grant Employer's petition to review benefit offset against the proceeds of a settlement in the third-party lawsuit filed by Timothy Wolfe (Claimant). Employer argues that the Board erred by including in the calculation of the value of Employer's lien the portion of the counsel fee that was refunded to Claimant by his attorney upon distribution of the proceeds.

It is undisputed that Claimant sustained a broken right leg on April 16, 2004 when he was involved in an automobile accident, which occurred during the course of his employment. He received medical and wage loss benefits totaling $48,259.32, and he returned to work on October 4, 2004 with no further injury-related losses. Claimant filed a third-party lawsuit arising out of the automobile accident and eventually settled the suit for $75,000. His counsel paid Employer's insurer $28,478.67 in full satisfaction of its subrogation lien, representing the sum of $47,464.44 (what Claimant then believed to be the total lien) less Employer's share of the 40 percent counsel fee. Employer disagreed with the sum tendered; it noted that although Claimant's counsel had a 40 percent contingent fee agreement the fee was reduced at the time of distribution of settlement proceeds by $9205.92, resulting in a total counsel fee of only $20,794.08.

The Settlement Distribution Statement states that money was refunded to Claimant "to avoid [Claimant] receiving less monies than attorneys in a settlement involving serious and permanent injury to Plaintiff Timothy Wolfe." Reproduced Record at 10a. Without counsel's refund, Claimant would have received $15,794.08 of the $75,000 settlement. With the refund, Claimant received $25,000. As to the disputed issue, the WCJ found as follows:

8. The issue in this matter relates to the contingent fee agreement between the Employee and his counsel. His counsel accepted its 40 percent fee, then refunded $9,205.92 of its fee to the Employee. The Employee's counsel maintained that its 40 percent fee amount applies to the calculation of Employer's pro-rata recovery of its compensation lien, regardless of his counsel's voluntary decision to refund a waived portion of its fee to Employee.

The Employer's position was that that [sic.] the fee amount which applies to the pro-rata recovery calculation is $20,794.08. This is the fee remaining after deduction of the waived and refunded amount.

The WCJ found that Claimant and his counsel had a valid 40 percent contingent fee agreement and that counsel accepted a 40 percent fee from proceeds of the settlement and then refunded a portion of the fee to Claimant. *See* (Finding of Facts Nos. 7–8). The WCJ however directed Claimant to reimburse Employer's insurer a net lien amount calculated by using the lower counsel fee amount, and he ordered a total reimbursement of $34,485.67 based on a $48,259.32 accrued lien, with credit for $28,478.67 already paid. The WCJ's findings were not disturbed by the Board, but it overturned the WCJ's conclusion that the waived and refunded counsel fee was not a reasonable fee "incurred in obtaining the recovery from a third party, within the meaning of Section 319 of the [Act]." Conclusions of Law No. 1. The Board reversed the WCJ's order, and it cited *A.C. and S. v. Workmen's Compensation Appeal Board (Dubil)*, 151 Pa. Cmwlth. 314, 616 A.2d 1085 (1992), where the Court held that a 40 percent contingent fee in third-party litigation is not unusual and that a subrogation lien is to be reduced to reflect that amount. The

Board stated that Claimant's counsel had a valid claim on a 40 percent counsel fee and that under *Pennsylvania Manufacturers' Ass'n v. Wolfe*, 534 Pa. 68, 74, 626 A.2d 522, 525 (1993), an attorney who creates a settlement fund is entitled to be paid first even before the insurer or employee, regardless of how the counsel fee is prorated.

In support of its decision to reverse the Board, the majority writes that the statutory right to subrogation in Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671, is mandatory and that it allows for no exceptions or adjustments on equity grounds. *Thompson v. Workers' Compensation Appeal Board (USF&G Co.)*, 566 Pa. 420, 781 A.2d 1146 (2001). Section 319 expressly provides: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to *the right of the employe* . . . against such third party to the extent of the compensation payable under this article by the employer. . . ." 77 P.S. § 671 (emphasis supplied). The Supreme Court explained in *Wolfe* that "[t]he rights to which the subrogee succeeds are the same as, but no greater than, those of the person for whom he is substituted." 534 Pa. at 74, 626 A.2d at 525.

The Board's decision to reverse the WCJ's order is reinforced by the Supreme Court's decision in *Gillette v. Wurst*, 594 Pa. 544, 937 A.2d 430 (2007). The court ruled there that an insurer was entitled to subrogation against a wrongful death settlement even though the decedent's wife disclaimed a right to her spousal share, thereby allowing the funds to go to her children. The Court recognized that the plain language of Section 319 allows for the employer to be subrogated to the *right* of the employee or his representative.

The employer's insurer therefore was subrogated to the amount the wife had a right to receive as opposed to what she actually received, *i.e.*, she had a right to receive an award apportioned under the intestate schedule, which right passed to the insurer. The court reiterated settled principles that a right to subrogation is absolute and that the purpose of subrogation is to prevent double recovery by a claimant for the same injury, to ensure that an employer does not pay for a third party's negligence and to prevent a third party from escaping liability for wrongful conduct. Specifically, the Act is designed to benefit injured workers; it is to be liberally construed to effectuate its humanitarian objectives, and any borderline interpretations are construed in favor of the worker.

Applying the reasoning articulated in *Gillette* to the present matter, it becomes readily apparent that if Claimant signed a valid 40 percent contingent fee agreement he had a "right" to receive $75,000 less the counsel fee and expenses of $30,727.25. Although Claimant actually received more from settlement proceeds due to his counsel's refund, Claimant could not have enforced any "right" to that refund. On that same basis, Employer had no right to enforce its subrogation lien against the refund from counsel. The moneys belonged to counsel at the time of distribution of the proceeds, and as the Board stated counsel had a right to dispose of his counsel fee as he wished. The Board rightly concluded that Employer has received payment of its lien, and I concur with the holding that "to recalculate the subrogation amount to reduce the third party recovery to the Claimant under these facts would be contrary to the humanitarian purposes of the [Act] in addition to the contractual rights of the parties." Board's Opinion at 6.

By granting Employer subrogation rights against the $9205.92 refund, the ma-

jority has conferred greater rights in Employer than those held by Claimant and did so in direct contravention of Section 319 of the Act. *Wolfe.* The Board correctly analyzed the issue and properly denied subrogation rights against the sum refunded to Claimant by counsel who accepted a 40 percent fee from the settlement proceeds and voluntarily decided thereafter to waive a portion of that fee. Nothing in the Act precludes counsel's voluntary waiver of his counsel fee, and nothing in the Act conferred greater subrogation rights in Employer when counsel did so, particularly when there is absolutely no evidence in the record to demonstrate that counsel's waiver was to avoid Employer's subrogation lien.