IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jo Jo Pizza and Eastern Alliance       :
Insurance Company                       :
                                        :
            v.                          :
                                        :
Larry Pitt & Associates, P.C.,          :    No. 1162 C.D. 2021
                  Appellant             :    Argued: June 23, 2022


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: August 5, 2022


            Larry Pitt & Associates, P.C. (Attorney Pitt) appeals from the January

15, 2021, order of the Court of Common Pleas of Dauphin County (trial court) that

found Attorney Pitt in civil contempt for failure to respond to a subpoena issued by

the Workers' Compensation Judge (WCJ) upon the request of Jo Jo Pizza and

Eastern Alliance Insurance Company (together, Employer). Upon review, we

affirm.

## I. Factual & Procedural Background

            The underlying facts are not in dispute. Martha Mondragon Garduno

(Claimant) slipped and fell on ice in Employer's parking lot on February 11, 2016.

Trial Ct. Op., 4/5/21, at 1; Reproduced Record (R.R.) at 32a. Attorney Pitt filed a

workers' compensation claim petition on her behalf as well as a third-party premises

liability action in the trial court against the owner of the property where Employer is located. R.R. at 32a. The claim petition was granted by a WCJ in April 2018 and Claimant began receiving wage loss and medical benefits. *Id*. at 33a. In December 2018, the WCJ approved a compromise and release agreement (C&R) between the parties that resolved Claimant's medical and wage loss claims for $70,000, inclusive of Attorney Pitt's 20% attorneys' fees. *Id*. at 33a & 49a. The C&R recognized Employer's right to subrogation against the property owner to the extent of Employer's lien, which included roughly $138,000 for wage losses and $19,000 for medical costs.

Subsequently, Attorney Pitt began negotiations with Employer to reduce its lien voluntarily in hopes that the third-party action could be resolved since it was unlikely that a trial would recover the entire amount of the lien, much less generate any additional amount that Claimant could recover. R.R. at 33a. Employer declined to reduce its lien and in anticipation of the risks of a trial, Claimant and Attorney Pitt signed a new fee agreement increasing Attorney Pitt's fee to 50% of any recovery in tort. *Id*. at 34a.

The third-party action ultimately resolved in January 2020 for $80,000. R.R. at 34a. In February 2020, Attorney Pitt sent Employer documentation from the third-party settlement, including a distribution worksheet stating that Attorney Pitt would receive $40,000 in attorneys' fees and would pay the remaining $40,000 to Employer in partial satisfaction of its lien. Employer's Supplemental Reproduced Record (S.R.R.) at 45b-46b. Employer, suspicious that Attorney Pitt improperly diverted amounts from his attorneys' fees to Claimant that should have been subject to Employer's subrogation lien, filed review and modification petitions in April 2020 with the WCJ; the petitions indicated that Employer sought an adjudication by the

2

WCJ as to subrogation credit for the third-party recovery. R.R. at 1a-6a. In association with these petitions, Employer issued a subpoena, approved by the WCJ, which asked Attorney Pitt to produce copies of all fee agreements between himself and Claimant, releases, distribution sheets, and copies of any checks issued by Attorney Pitt to Claimant. *Id*. at 34a-35a.

Attorney Pitt refused to respond to the subpoena or participate in proceedings on Employer's petitions, writing in a May 2020 letter to the WCJ that there was no subject matter jurisdiction for Employer's petitions as Claimant's workers' compensation matter had been fully and finally resolved by the December 2018 C&R. R.R. at 7a-8a & 35a. In response, the WCJ issued a June 2020 letter explaining that because Employer's subrogation rights had not yet been extinguished, the matter remained within the WCJ's jurisdiction even though the benefits aspect of the workers' compensation case had been resolved by the C&R. R.R. at 35a; S.R.R. at 55b-59b.

Attorney Pitt sent the WCJ another letter in later June 2020, maintaining that the WCJ had no jurisdiction over the matter and refusing to participate in any proceedings concerning Employer's petitions or the subpoena. R.R. at 9a-10a & 35a. After Attorney Pitt failed to attend a July 2020 hearing, the WCJ issued an interlocutory order noting Attorney Pitt's continued noncompliance with the subpoena and advising Employer of its right to seek enforcement of the subpoena through the trial court. R.R. at 35a-36a; S.R.R. at 67b. In November 2020, Employer initiated that process by filing with the trial court a petition for civil contempt against Attorney Pitt. R.R. at 36a; S.R.R. at 1b-10b.

In a January 6, 2021, hearing before the trial court on Employer's contempt petition, Attorney Pitt maintained that the WCJ did not have jurisdiction

3

to address Employer's petitions and issue the subpoena and added that all required information concerning the third-party settlement had been provided to Employer. *Id*. at 18a-21a. Attorney Pitt acknowledged that Claimant did in fact receive something from the third-party settlement but averred that any such information was protected by attorney-client privilege. *Id*. at 21a-22a & 26a. Employer argued that any amount received by Claimant was improper and should have been subject to Employer's unsatisfied lien. *Id*. at 24a-25a & 27a.

On January 15, 2021, the trial court issued its order finding Attorney Pitt in civil contempt for willful noncompliance with Employer's subpoena, ordering disclosure of the requested information, and awarding Employer attorneys' fees and costs associated with its litigation of the civil contempt petition. R.R. at 30a & 36a. Attorney Pitt timely filed a notice of appeal to the Superior Court, which transferred the matter to this Court in September 2021. *Jo Jo Pizza & Eastern Alliance Ins. Co. v. Larry Pitt & Assocs., P.C.* (Pa. Super., No. 127 MDA 2021, filed Sept. 15, 2021), 2021 WL 4191943 (unreported). Briefing and argument having been concluded, this dispute is ripe for determination by this Court.

## II. Issues

On appeal, Attorney Pitt asserts that the WCJ lacked subject matter jurisdiction to address Employer's petitions and issue the subpoena because the benefits portion of the workers' compensation matter concluded two years earlier when the parties completed the C&R. Further, he contends that the WCJ, an officer of the executive branch, violated separation of powers principles by "seeking" a contempt order in the trial court against Attorney Pitt. Finally, he argues that the attorneys' fees and costs awarded by the trial court to Employer for the enforcement

4

action were improper because the amounts had not been subject to a hearing where Attorney Pitt could challenge their reasonableness.

### III. Discussion

### A. Rule 1925(b) Waiver

In a December 2, 2021, *per curiam* order, this Court noted that while Attorney Pitt's appeal of the trial court's order was timely, his statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement), was filed untimely with the trial court. Order, 12/2/21. We instructed the parties to file supplemental briefing on whether Attorney Pitt's untimely Rule 1925(b) Statement should result in waiver of his issues on appeal. *Id.*

Appellate Rule 1925(b) states that "[i]f the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" Pa.R.A.P. 1925(b). Previously, this Court held that although an untimely Rule 1925(b) statement could lead to waiver of all issues for appeal, if the trial court addressed the appellant's issues in its Rule 1925(a) opinion, the purpose of Rule 1925(b) was served, and waiver need not be found. *In re Campaign Expense Reports of Michele Corignani*, 873 A.2d 790, 794 (Pa. Cmwlth. 2005) (*In re Corignani*).

However, in *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038 (Pa. Cmwlth. 2018), we explained that *In re Corignani* was overruled by our Supreme Court in *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005), and an appellant that files an untimely Rule 1925(b) statement may be subject to waiver

5

even if the trial court files a Rule 1925(a) opinion addressing the merits of the issues on appeal. *Id*. at 1042. *Castillo* and its progeny have been described as creating a "bright-line rule" except where the trial court grants a requested extension or where an appellant can show good cause for noncompliance with the Rule.[1] *Paluch v. Beard*, 182 A.3d 502, 506 & n.5 (Pa. Cmwlth. 2018); *Jenkins*, 176 A.3d at 1042-43.

Attorney Pitt acknowledges that he filed his Rule 1925(b) Statement with the trial court on April 5, 2021, well after the trial court's February 26, 2021, deadline. Attorney Pitt's Supplemental Brief at 5. He presents no good cause for the untimely filing but maintains that because he sent it directly to the trial court judge and the judge addressed the issues in his opinion, his error was harmless. *Id.* at 11-12 (citing *In re Corignani*). Employer filed a letter brief stating that it takes no position on this issue and stated at oral argument that it did not feel a finding of waiver was necessary. Employer's Supplemental Brief at 1.

Attorney Pitt's reliance on *In re Corignani* is misplaced because, as explained in *Jenkins*, that case was overruled in 2005 by *Castillo*. Thus, we are constrained to conclude that all issues have been waived. However, because Attorney Pitt's appeal itself was timely, this Court is not deprived of jurisdiction over the matter. Pa.R.A.P. 902; *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Therefore, for completeness, we address the merits of Attorney Pitt's claims.[2]

---

[1] The record does not indicate that Attorney Pitt requested or was granted an extension by the trial court.

[2] "The general rule is that each court is the exclusive judge of contempt against its process, and on appeal its action will be reversed only when a plain abuse of discretion occurs." *Ligonier Township v. Nied*, 161 A.3d 1039, 1045 n.4 (Pa. Cmwlth. 2017) (quotation marks and citations omitted). An abuse of discretion occurs "when the course pursued represented not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.*

6

## B. WCJ Subject Matter Jurisdiction

Section 319 of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710, provides that where a compensable work-related injury "is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer[.]" 77 P.S. § 671. Our courts have repeatedly held that the employer's right of subrogation in workers' compensation matters is automatic and absolute. *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co.)*, 781 A.2d 1146, 1151-53 (Pa. 2001).

Our courts have also held generally that "[t]he courts of common pleas lack jurisdiction to adjudicate Workers' Compensation claims including issues involving subrogation." *Gillette v. Wurst*, 937 A.2d 430, 435 (Pa. 2007) (citing *Romine v. Workers' Comp. Appeal Bd. (CNF, Inc./Potato Sack)*, 798 A.2d 852, 856-57 n.10 (Pa. Cmwlth. 2002)); *see also Stout v. Workers' Comp. Appeal Bd. (Pennsbury Excavating, Inc.)*, 948 A.2d 926, 931 (Pa. Cmwlth. 2008).[3] In *Gillette*, our Supreme Court found that while there was "no question" that the employer was entitled to subrogation under Section 319 of the Act, the dispute had been properly filed before the trial court in that instance because it entailed a wrongful death cause of action, which cannot be adjudicated by a WCJ. 937 A.2d at 435-36.

In *Romine*, the claimant was injured in 1995 and after her claim petition was granted, she began collecting wage loss benefits. 798 A.2d at 853. While that

---

[3] *Gillette* is a plurality decision and therefore of limited precedential value. However, its statement that subrogation issues arising in the workers' compensation context lie within the jurisdiction of a WCJ is authoritative, as it was not challenged in either the concurrence or the dissent. *See* 937 A.2d at 437-41 (Cappy, C.J., concurring; Baer, J., dissenting).

litigation was ongoing, her third-party case resolved in 1999 and although the employer received payment for past expenditures, it filed a review petition with a WCJ to adjudicate its rights to future benefits. *Id*. at 854. The WCJ denied the petition on the basis that the trial court could resolve questions concerning the workers' compensation subrogation lien. *Id*. at 854-55. The Workers' Compensation Appeal Board (Board) reversed and remanded, stating that the trial court "did not have the authority to determine [the employer's] rights pursuant to the Act and, consequently, it lacked jurisdiction to eliminate or modify [the employer's] subrogation rights." *Id*. at 855.

Although this Court ultimately quashed the appeal in *Romine* because the Board's order was interlocutory, we approved of the Board's decision on the merits, quoting it at length:

> [T]he WCJ erred as a matter of law in finding that [the trial judge] had jurisdiction to deny [the employer] rights it had under the Act as to the subrogation at issue. . . . Clearly [the trial judge], while he may have had authority to approve a settlement entered into by all the parties to the third party action other than [the employer], did not have the authority to determine whether [the employer] had or did not have certain rights under the Act. . . . While the WCJ may not have authority to examine allocations of third-party settlements, at least as to a wife's consortium claim, likewise a Court of Common Pleas has no jurisdiction to determine whether [an employer] has any subrogation interest arising under the Act. *A WCJ is vested with the authority to determine questions of subrogation, the Court of Common Pleas is not*.

*Romine*, 798 A.2d at 856 n.10 (emphasis added).

In *Stout*, the employer filed a review petition in the claimant's ongoing workers' compensation matter to assert its subrogation lien against the claimant's third-party settlement from the related products liability case. 948 A.2d at 928-29.

8

The claimant asked the WCJ to stay the employer's review petition pending the disposition of a separate case alleging abuse of process by employer, which the claimant alleged had acted in bad faith during the premises liability matter. *Id*. The WCJ declined to stay the matter, closed the record, and awarded the employer a lump sum from the claimant's third-party settlement and a credit for ongoing benefits paid to the claimant. *Id*. at 929. The Board affirmed, stating that "the WCJ has sole jurisdiction to determine subrogation under the Act." *Id*. We agreed, concluding that "a determination of whether an employer or its insurer is entitled to subrogation falls within the exclusive jurisdiction of the workers' compensation authorities"; therefore, staying the workers' compensation matter during pendency of the matter pending in the trial court would not have been proper. *Id*. at 931 (citing *Romine*).[4]

However, Attorney Pitt argues that the WCJ here no longer had subject matter jurisdiction to entertain Employer's 2020 modification and review petitions concerning the subrogation dispute or to issue Employer's subpoena because the workers' compensation case had been resolved via C&R in 2018, which according to Attorney Pitt, "extinguished" the WCJ's jurisdiction over any further matters between the parties. Attorney Pitt's Brief at 11-13. Attorney Pitt recognizes the general authority of a WCJ to adjudicate an employer's right to subrogation and the amount of a lien but avers that neither Employer's right to subrogation nor the lien amount was in dispute and that Claimant had complied with the disclosure

---

[4] We recognize that in *Wilson v. Travelers Casualty and Surety Company*, 88 A.3d 237 (Pa. Cmwlth. 2013), this Court indicated that jurisdiction over the employer's right to subrogation could lie with the trial court. *Id*. at 247 n.12. However, that case involved "unusual" facts and conflicting orders from the trial court and the WCJ, which are not present here. *Id*. at 250. Moreover, Attorney Pitt has not argued that Employer should have raised its concerns to the trial court rather than to the WCJ. *Wilson* is therefore not germane in this case.

requirements of the Act after resolving the third-party matter, so there was no basis for the WCJ to reopen the case and assume jurisdiction. *Id*. at 14-16.

Employer responds that even though the benefits aspect of Claimant's case was resolved by the C&R in 2018, Employer's subrogation interest remained open and active while the third-party case proceeded; therefore, the WCJ retained jurisdiction over any issues that arose with regard to the subrogation, as stated in *Gillette* and *Romine*. Employer's Br. at 11-15. Employer notes that because of its concern that Attorney Pitt improperly diverted funds from the third-party case to Claimant that were subject to Employer's lien, it sought to adjudicate the amount it received; accordingly, this dispute falls within the WCJ's jurisdiction. *Id*. at 15-16 & 21.

The trial court agreed that the point of Employer's petitions to the WCJ was to resolve its rights to the full extent (or as much as possible) of its subrogation lien, which lies within the WCJ's jurisdiction pursuant to *Romine* and *Gillette*. Trial Ct. Op. at 6-8. As such, Employer's subpoena calling for Attorney Pitt to disclose all documentation concerning the distribution of the third-party settlement funds and any potential payments made to Claimant out of those proceeds was proper, as was Employer's subsequent enforcement action that led to the trial court's finding Attorney Pitt in civil contempt for failing to comply with the subpoena. *Id*.

We agree with the trial court. Attorney Pitt seeks to limit the WCJ's jurisdictional authority over subrogation matters to instances where there remain open and active workers' compensation matters before the WCJ. Nothing in the Act suggests this is a viable interpretation of the law. Section 319 of the Act, which governs subrogation, provides that where a third party is responsible for a work-related injury, the employer "shall be" subrogated to the injured employee's rights

10

against the third party to the extent of the employer's lien. 77 P.S. § 671. Once that lien is satisfied, only then can any excess remaining recovery proceeds be paid to the claimant. *Id*. (stating that "[a]ny recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe"). The broad and clear language of Section 319 supports an employer's subrogation rights to third-party recoveries, and those rights would not be viable without the legal means to protect and enforce them until they are extinguished, either by payment in full of the lien or a waiver or compromise by the employer of the amount of the lien. *See Growth Horizons, Inc. v. Workers' Comp. Appeal Bd. (Hall)*, 767 A.2d 619, 621-22 (Pa. Cmwlth. 2001).

Moreover, claimants and their counsel may not manipulate attorneys' fees in a manner that would negatively affect the employer's subrogation lien. *Good Tire Serv. v. Workers' Comp. Appeal Bd. (Wolfe)*, 978 A.2d 1043, 1048 (Pa. Cmwlth. 2009) (stating that "while we do not impugn counsel's motives here, were we to accept [c]laimant's argument, we would open the door to sham fee agreements specifically calculated to avoid the law regarding employers' subrogation rights"). This is so even if counsel views the attorneys' fees as funds that may be distributed to the claimant as a gift and to further the salutary purposes of the Act, because the Act allows no equitable exceptions to the employer's right of subrogation. *Id*. (citing *Thompson*, 781 A.2d at 1151).[5]

---

[5] At the January 6, 2021, hearing before the trial court, Attorney Pitt stated that during previous negotiations, Employer's subrogation supervisor suggested that while Claimant might not receive any direct recovery from the third-party action, Attorney Pitt could split his fee with Claimant. R.R. at 22a & 34a. If, as Employer alleges, this is what Attorney Pitt did, it would clearly have been improper. As an officer of the court, counsel has the duty of competence, which includes knowledge of the relevant law. Pa.R.P.C. 1.1 (stating that a lawyer "shall provide competent representation to a client. Competent representation requires the legal knowledge, skill,

11

Pursuant to *Romine*, *Gillette*, and *Stout*, jurisdiction over workers' compensation subrogation questions and issues, including not just whether there is a right to subrogation but as to the extent of that right, remains with the WCJ. Realistically, however, the employer's subrogation rights can only become viable upon actual recovery by the injured employee of third-party settlement proceeds. *Pa. Mfrs. Ass'n Ins. Co. v. Wolfe*, 626 A.2d 522, 526 (Pa. 1993). This means that the employer's right to subrogation does not actually depend on the associated workers' compensation matter being open and active when the third-party recovery becomes available. Moreover, settlement has been encouraged as a matter of policy since the C&R mechanism was made part of the Act in 1996.[6] *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1062 (Pa. Cmwlth. 2021) (quoting *Stroehmann Bakeries v. Workers' Comp. Appeal Bd. (Plouse)*, 768 A.2d 1193, 1196 (Pa. Cmwlth. 2001)). Workers' compensation law in Pennsylvania is a balance of competing employer and employee interests, and if employers perceive that they will lose their rights to protect their subrogation liens by settling an underlying workers' compensation matter, they will be less likely to do so, thwarting the policy favoring settlement as well as the balance of interests. *See Kramer v. Workers' Comp. Appeal Bd. (Rite Aid Corp.)*, 883 A.2d 518, 535 (Pa. 2005).

Here, Claimant sustained her injury in 2016 and commenced parallel workers' compensation and third-party premises liability actions. Trial Ct. Op. at 1; R.R. at 32a. In late 2018, the parties found it mutually beneficial to resolve the

thoroughness and preparation reasonably necessary for the representation."); *see also Off. of Disciplinary Counsel v. Baldwin*, 225 A.3d 817, 837-38 (Pa. 2020).

[6] *See* Act of June 24, 1996, P.L. 350.

workers' compensation matter in order to make Claimant whole as to the benefits she was due to receive. R.R. at 33a. At that point, Employer's lien against the property owner solidified into the amount of roughly $157,000. *Id.* Because Employer declined to compromise its lien prior to settlement of the third-party case, it did not concede its right to receive the full amount of its lien, or as much as possible of that amount. *Id.*; *see also Growth Horizons, Inc.*, 767 A.2d at 621-22. Nor, as we conclude above, was Employer's right to seek enforcement of the full extent of its lien (or as much as possible) by a WCJ extinguished when Employer resolved Claimant's benefits via the 2018 C&R. As such, the WCJ did not err in accepting jurisdiction over Employer's petitions or in issuing Employer's subpoena, the intent of which was to ensure that Claimant and Attorney Pitt had not manipulated attorneys' fees to thwart Employer's right to the fullest possible satisfaction of its lien, particularly in light of Attorney Pitt's concession on the record during the January 6, 2021, hearing that Claimant had received "some" money from the third-party settlement. R.R. at 22a. By extension, the trial court did not err or abuse its discretion in granting Employer's petition for civil contempt against Attorney Pitt for his failure to comply with the subpoena.[7, 8]

---

[7] The Superior Court's order transferring the matter to this Court did not specifically address the WCJ's jurisdiction to address Employer's petitions and subpoena but noted that the appeal arose out of a workers' compensation matter and was more suitable for adjudication by this Court. To the extent Attorney Pitt's arguments may be read as suggesting Employer should have commenced this action in the trial court rather than before a WCJ, the Superior Court's order indicated that approach would not have been appropriate.

[8] Attorney Pitt also argues that Employer's modification and review petitions were improper, that the information Employer seeks is protected by attorney-client privilege, and that the trial court erred in finding Attorney Pitt in civil contempt because the record includes no evidence of wrongful intent on his part. Attorney Pitt's Br. at 12-13 & 16-19. The Rule 1925(b) Statement Attorney Pitt provided to the trial judge did not raise these issues and was limited only to the assertion that the WCJ lacked jurisdiction to address Employer's petitions. Attorney Pitt's

## C. Separation of Powers

The Pennsylvania Constitution grants our Supreme Court supervisory and administrative authority over all state courts as well as the practice of attorneys. Pa. Const., art. V, § 10(a), (c). The General Assembly is therefore precluded from exercising powers entrusted to the judiciary. *Kremer v. State Ethics Comm'n*, 469 A.2d 593, 595 (Pa. 1983). The General Assembly does have the power to promulgate substantive law through the exercise of its police power but may not legislate in a manner that interferes with the judiciary, which is a co-equal branch of government. *Commonwealth v. Stern*, 701 A.2d 568 (Pa. 1997). This includes limitations on WCJs, who are appointed members of the executive branch (the Department of Labor and Industry) rather than the judiciary. *See, e.g.*, Sections 401.1, 422(e), and 435(a) of the Act, added by Act of February 8, 1972, P.L. 736, 77 P.S. §§ 710, 836, & 991(a). Specific to this appeal, while a WCJ has the authority to issue subpoenas for the production of documents, he or she does not have the power to enforce compliance with them. Rather, pursuant to Section 436 of the Act, added by Act of February 8, 1972, P.L. 25, 77 P.S. § 992, only a court of common pleas has the power to enforce a WCJ's subpoena.[9] *Stover v. Workmen's Comp. Appeal Bd. (SCI Graterford)*, 671 A.2d 1217, 1219 (Pa. Cmwlth. 1996).

---

additional issues were therefore waived for this additional reason. Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *Creighan v. Workmen's Comp. Appeal Bd. (Mellon Stuart Corp.)*, 624 A.2d 680, 682 (Pa. Cmwlth. 1993) (holding that Rule 302(a) applies to workers' compensation matters).

[9] Section 436 provides:

> [Any WCJ] shall have the power to issue subpoenas . . . . Any witness who refuses to obey such summons or subpoenas . . . may be punished as for contempt of court, and for this purpose, an application may be made to any court of common pleas within

Attorney Pitt argues that the WCJ, by issuing Employer's subpoena and advising Employer of its right to seek enforcement through the trial court, engaged in "an attempt by a member of the executive branch to compel a member of the judicial branch to act" in violation of separation of powers principles. Attorney Pitt's Br. at 19-22. Employer responds that the trial court correctly found that the WCJ's actions were properly limited to notifying the parties of Employer's legal right to seek enforcement and did not overstep the WCJ's authority. Employer's Br. at 26-27; Trial Ct. Op. at 9-10; R.R. at 40a-41a.

We agree with Employer. The WCJ's June 15, 2020, letter to Attorney Pitt regarding Attorney Pitt's noncompliance with Employer's subpoena is of record. S.R.R. at 55b-60b. After setting forth the case background and the legal reasons why Attorney Pitt was compelled to comply with the subpoena, the WCJ stated that "[f]ailure to comply with this valid records request may lead to Employer pursuing the enforcement remedies as set forth in Section 436 of the Act." *Id*. at 60b. After Attorney Pitt again refused to comply, the WCJ issued an interlocutory order on July 17, 2020, memorializing that Attorney Pitt had been advised of Employer's right to engage in enforcement proceedings but had not yet complied with the subpoena and stating that Employer was to notify the WCJ of any enforcement proceedings it elected to pursue. *Id*. at 67b.

The record therefore does not support Attorney Pitt's argument that the WCJ ordered Employer to commence subpoena enforcement proceedings in the trial court. Nor does the mere fact that the WCJ advised both parties of Employer's right to pursue such proceedings, up to and including Employer's petition for civil

whose territorial jurisdiction the offense was committed, for which purpose such court is hereby given jurisdiction.

77 P.S. § 992.

15

contempt against Attorney Pitt, mean that the WCJ thwarted or intervened in the Supreme Court's role in governing our state courts and practicing attorneys. We therefore find that the WCJ did not violate separation of powers principles and the trial court did not err or abuse its discretion in agreeing with the WCJ on this issue.[10]

## IV. Conclusion

In light of the foregoing, Attorney Pitt's arguments on appeal are both waived and meritless. We therefore affirm the trial court's January 15, 2021, order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Attorney Pitt's final issue asserts that the trial court erred in assessing $3,428 in legal fees and $427 in costs to be awarded to Employer for its success in the enforcement proceedings because those fees and costs were never subject to a hearing on the record where Attorney Pitt could challenge them. Attorney Pitt's Br. at 22. The trial court agreed with Attorney Pitt and stated that "upon re-acquisition of jurisdiction [after conclusion of this appeal], this Court will provide [Attorney Pitt] an opportunity to fully adjudicate this issue." Trial Ct. Op. at 10; R.R. at 41a. We therefore need not address the merits of this issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jo Jo Pizza and Eastern Alliance     :
Insurance Company                    :
                                     :
         v.               :
                                     :
Larry Pitt & Associates, P.C.,     :    No. 1162 C.D. 2021
                  Appellant    :

## O R D E R

AND NOW, this 5th day of August, 2022, the January 15, 2021, order of the Court of Common Pleas of Dauphin County, which found Larry Pitt & Associates, P.C. in civil contempt for failure to comply with a lawful subpoena issued by a Workers' Compensation Judge, is AFFIRMED.

 

_____
CHRISTINE FIZZANO CANNON, Judge